J-S86018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DWIGHT GILLESPIE | |
| Appellant | No. 290 WDA 2016 |

Appeal from the Judgment of Sentence January 26, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000918-2013

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MARCH 14, 2017**

Dwight Gillespie appeals from the January 26, 2016 judgment of sentence entered in the Erie County Court of Common Pleas following his convictions for receiving stolen property.[1]  We affirm.

On March 13, 2014, following a jury trial, Gillespie was convicted of two counts of receiving stolen property.  On May 27, 2014, the trial court sentenced Gillespie to 48 to 120 months' incarceration at Count 11, to be served consecutively to a prior state sentence for which Gillespie was on

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3925(a).

parole.[2]  At Count 13, the trial court sentenced Gillespie to a concurrent term of 48 to 120 months' incarceration.  The trial court further directed Gillespie to pay restitution in the amount of $11,313.44.  Gillespie filed a post-sentence motion, which the trial court denied on June 10, 2014.  Gillespie did not file a direct appeal.  Following a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, the trial court reinstated Gillespie's appeal rights *nunc pro tunc*, and Gillespie appealed.

On December 10, 2015, we affirmed Gillespie's conviction but vacated his judgment of sentence and remanded for a new sentence that would: award Gillespie credit for time served at CP-25-CR-0000918-2013, properly grade Gillespie's offenses at Counts 11 and 13, and clarify the individuals and/or entities to whom restitution was payable and the amounts payable to each.

On January 26, 2016, the trial court re-sentenced Gillespie within the Sentencing Guidelines to 30 to 60 months' incarceration at Count 11, with 546 days credit for time served, and a consecutive 15 to 30 months' incarceration at Count 13.  The trial court further clarified that $499.99 of the total restitution amount was owed to Erie Insurance and $1,700.01 was owed to the victims.

_____

[2] On July 8, 2009, the trial court had sentenced Gillespie to 21 to 240 months' incarceration following a conviction for criminal conspiracy— burglary, 18 Pa.C.S. § 3502.

Gillespie filed a post-sentence motion arguing the sentences should have been imposed concurrently rather than consecutively, which the trial court denied on February 2, 2016. On February 19, 2016, Gillespie timely filed a notice of appeal.

Gillespie's sole issue on appeal is whether the sentence imposed by the trial court was "manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code after the trial court considered and relied on impermissible factors." Gillespie's Br. at 3.

Gillespie challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)); *see also Allen*, 24 A.3d at 1064.

Gillespie filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of

Appellate Procedure 2119(f). We must now determine whether he has raised a substantial question that the sentence is inappropriate under the Sentencing Code.

We evaluate whether a particular sentencing issue raises a substantial question on a case-by-case basis. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (citation and internal quotation marks omitted). Where a defendant receives consecutive sentences within the Guideline's ranges, but application of the Guidelines would be clearly unreasonable, resulting in an excessive sentence, he may raise a substantial question. *Id.* at 1270. A bald claim of excessiveness due to the imposition of consecutive sentences, however, does not raise a substantial question. *Id.*

Here, Gillespie argues that the trial court's imposition of consecutive sentences resulted in an excessive period of incarceration.[3] Gillespie does not address why his aggregate sentence, which is within the Guideline's ranges, is clearly unreasonable; nor does he specify the allegedly

---

[3] In Gillespie's Rule 2119(f) statement, he argues that the trial court failed to consider the factors set out in 42 Pa.C.S. §9721(b). However, the only claim in the argument section of his brief is that the trial court abused its discretion in imposing consecutive, instead of concurrent, sentences.

impermissible factors on which the trial court relied. His bald claim of excessiveness due to the consecutive nature of his sentence does not raise a substantial question. *Id.* ("[A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.").

Even if Gillespie had raised a substantial question, however, we would conclude that his claim is meritless. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283.

At the re-sentencing hearing, the trial court explained:

> The Court has considered the Pennsylvania Sentencing Code, the pre-sentence report and the Pennsylvania guidelines on sentencing. The court has also considered the statements of defense counsel, the defendant and the attorney for the Commonwealth. The Court has considered Mr. Gillespie's age, his background, his character and rehabilitative needs, the nature, circumstances and seriousness of the offenses and the protection of the community. Mr. Gillespie, it does not appear here that you've used your time in prison to achieve some things that are of some benefit to you and will aid you when you are released back into society. The

re-sentencing places you before the Court with a different set of guidelines and the chance of a lesser sentence than was originally imposed. I have no problem with that. I am concerned, however, because you come before the Court as a repeat felony offender and you do have a long prior criminal history that goes back to 2001 when you were a juvenile -- excuse me 2000, which is 15 years. And they were mostly theft offenses but there are some assaults and burglary, and these charges involve theft as well. So it is pretty obvious that up to this point nothing that has been done by the juvenile court or by the adult courts have [sic] been able to rehabilitate or deter you. I hope this time is the final time that you come before this or any other court, but that's up to you. Your track record does not bode well for the future, but you can change all of that this time around, if you want to. I don't know if you will or not, but I do know that you need to serve the time for the crimes you've committed and for the actions that you've taken in violation of the law.

N.T., 1/26/16, at 11-12.

It is clear from the record that the trial court considered the section 9721(b) factors – "protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. §9721(b). The trial court also considered Gillespie's pre-sentence report[4] and the applicable Sentencing Guidelines. After taking this all into consideration, the trial court imposed consecutive sentences. *See Commonwealth v. Hoag*, 665 A.2d

_____

[4] "Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

1212, 1214 (Pa.Super. 1995) (quoting **Commonwealth v. Graham**, 661 A.2d 1367, 1373 (Pa. 1995) ("The general rule in Pennsylvania is that in imposing a sentence the court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed.").  We find the trial court has not abused its discretion.  **See id.** (stating appellant should not be entitled to "a volume discount for his crimes by having all sentences run concurrently").

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/14/2017