J-A24013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| TIMOTHY ALAN THIMONS | |
| Appellant | No. 1371 WDA 2016 |

Appeal from the Judgment of Sentence August 16, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002636-2006

BEFORE:  MOULTON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED NOVEMBER 9, 2017**

Timothy Alan Thimons appeals from the August 16, 2016 judgment of sentence entered in the Allegheny County Court of Common Pleas following his revocation of probation.  We affirm.

The trial court set forth the history of this case as follows:

> [Thimons] was charged with Rape of a Child,[1] Rape,[2] Unlawful Contact,[3] Sexual Abuse of Children: Photographing,[4] Indecent Assault of a Person Under 13,[5] Endangering the Welfare of a Child,[6] Corruption of Minors[7] and Indecent Exposure[8] in relation to a series of incidents that occurred between [Thimons] and the daughter of family friends when she was between the ages of 7 and 12.  On November 8, 2006, [Thimons] appeared before this Court and, pursuant to a plea agreement with the Commonwealth, pled guilty to all charges in exchange for a term of imprisonment of five (5) to 10 years with a subsequent term of probation of 10 years.  No Post-Sentence Motions were filed and no direct appeal was taken.

> [1] 18 Pa.C.S.A. § 3121(c)

[2] 18 Pa.C.S.A. § 3121

[3] 18 Pa.C.S.A. § 6318[(a)](1)

[4] 18 Pa.C.S.A. § 6312

[5] 18 Pa.C.S.A. § 3126(a)(7)

[6] 18 Pa.C.S.A. § 4304

[7] 18 Pa.C.S.A. § 6301(a)(1)

[8] 18 Pa.C.S.A. § 3127

On August 16, 2016, [Thimons] appeared before this Court for a probation violation hearing. At the hearing it was revealed that [Thimons] was viewing pornography on a cell phone with an internet connection and at the Carnegie Library of Pittsburgh, that he was contacting underage girls via text message, Facebook and "Teens Only" and "Young Cuties" chatrooms, that he had used Google Maps to search the area where the seven-year old victim who was the subject to the instant complaint lived and that he disclosed four (4) other underage victims in the course of a maintenance polygraph. He also failed to secure appropriate housing in accordance with his housing plan. At the conclusion of that hearing, this Court revoked [Thimons'] probation and imposed a term of imprisonment of five (5) to 10 years. Timely Post-Sentence Motions were filed and were denied on September 7, 2016. This appeal followed.

Trial Court Opinion, 4/6/17, at 1-2 (unpaginated) ("1925(a) Op.").

Thimons timely filed his notice of appeal. On appeal, he raises the following issue: "Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria, including the protection of the public, the gravity of the offense/violation, and especially Mr. Thimons' character and rehabilitative needs, as required under 42 Pa.C.S.A. § 9721(b) (Sentencing generally; general standards)[?] Thimons' Br. at 5 (full capitalization omitted).

- 2 -

Thimons is challenging the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address such a challenge, we first determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Thimons filed a timely notice of appeal, preserved his claim in a timely post-sentence motion, and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Additionally, Thimons' claim that the trial court failed to consider sentencing criteria, including the protection of the public, the gravity of the offense, and his rehabilitative needs, raises a substantial question. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa.Super. 2016). Accordingly, we will review the merits of his claim.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010). "A

sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283.

Upon revocation of probation, a trial court may impose a sentence of total confinement if any of the following requirements are met: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c). "[T]he sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b).

Thimons contends that the trial court failed to consider the protection of the public, the gravity of the offense, and his rehabilitative needs and based his sentence solely on technical violations. Further, he claims that the trial court ignored key mitigating evidence.

Here, the trial court thoroughly stated on the record its reasons for imposing its sentence:

> Mr. Thimons, I'm going to start from a while ago, you did have a prior conviction for sex abuse of a child. My case involves sexual abuse of a child of the age of seven that apparently went on for several years. Since you have been out, you've been accessing Google, looking in the area where the victim lives. This is a seven-year-old

victim that I'm talking about. You admit going on Facebook, which apparently involved pornography as well as contact with minors. I believe that you were rejected at the Hollywood Show Bar and Farkus House; however, you misrepresented to us that you were. The cell phone search showed that you had been contacting females between the age of 12 and 17 according to the report.

You already did nine-and-a-half years in jail in the State Correctional Institute and that provided you no incentive to comply with the terms and conditions of probation. You went to Carnegie Library and looked at porno. I don't even know how you can get porno at Carnegie Library. One would think that shouldn't happen.

. . .

THE COURT: Then, you had a video of a girl, and whoever observed it said that she looked to be under 16, whether she was or not, I won't put very much weight on that since we have no definitive measure. And, again, you disclosed at the polygraph that you had four additional victims that were underage. However, you were not charged for those. Disclosing at a polygraph and then passing it is still a failure. Just because you said I have four additional victims and then tell the truth on the polygraph, that doesn't mean you didn't do it.

You certainly are a danger to every young lady in Allegheny County, perhaps Western Pennsylvania. I see no evidence that you tried to rehabilitate yourself or take any advantages of the services offered to you.

N.T., 8/16/16, at 16-18.

We disagree with Thimons' contention that the trial court did not consider the protection of the public, the gravity of the offense, or his rehabilitative needs. The trial court stated that Thimons had a prior conviction for sexual abuse of a seven-year-old child, that he had been accessing Google for the purpose of looking in the area where the victim lives, that he had been contacting females between the ages of 12 and 17,

and that he was "a danger to every young lady in Allegheny County, perhaps Western Pennsylvania." N.T., 8/16/16, at 16-18. The trial court found that in light of Thimons' technical violations, the "nine-and-a-half years in jail in the State Correctional Institute . . . provided [him] no incentive to comply with the terms and conditions of probation[,]" and there was "no evidence that [he] tried to rehabilitate [himself] or take any advantages of the services offered to [him]." *Id.* at 17, 18.

With regard to Thimons' claim that the trial court failed to consider mitigating evidence, our review of the record shows that the trial court considered the mitigating evidence presented at the revocation hearing. The trial court heard Thimons' testimony, reviewed letters from Thimons' daughter and mother, and had the benefit of two pre-sentence reports.[1]

A trial court is "in the best position to evaluate [an a]ppellant's character," *Malovich*, 903 A.2d at 1254, and given the trial court findings, the facts of the violation of Thimons' probation, and the evidence presented, we conclude the sentence was not manifestly unreasonable.

Because the record supports the conclusion that Thimons was likely to commit another crime under 42 Pa.C.S. § 9771(c)(2), and the trial court

---

[1] "Where pre-sentence reports exist, we . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa.Super. 2009) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

fully stated its reasons on the record, we conclude it did not abuse its discretion in imposing its sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017