J-S71045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CATINA PLUMMER, | |
| Appellant | No. 92 EDA 2017 |

Appeal from the Judgment of Sentence December 15, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1201802-2004

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 29, 2017**

Appellant, Catina Plummer, appeals from the judgment of sentence imposed on December 15, 2016, following revocation of her probation. Specifically, she challenges the discretionary aspects of her sentence.  We affirm.

We take the procedural and factual history in this matter from our review of the certified record and the trial court's April 19, 2017 opinion.

> May 20, 2005, [Appellant] appeared before [the trial court] and pled guilty to possession with intent to deliver a controlled substance[, cocaine].  Pursuant to the negotiated plea agreement, [Appellant] was sentenced to one year in the county intermediate punishment (IP) program, including [six] months of house arrest

_____

[*] Retired Senior Judge assigned to the Superior Court.

with outpatient drug treatment, plus [two] years [of] reporting probation.[1]

On September 14, 2006, [Appellant] appeared before [the trial court] for her first violation hearing. [The trial court] found [Appellant] in technical violation of her IP probation for absconding from supervision. [It] sentenced her to a [ninety-]day modified IP sentence, and ordered a Forensic Intensive Recovery (FIR) evaluation for dual diagnosis treatment.

On June 13, 2007, [Appellant] appeared before [the trial court] for her second violation hearing. [The trial court] found her in technical violation for failing to undergo a FIR evaluation and not complying with the terms and conditions of her sentence. Sentencing was deferred to July 18, 2007. On June 21, 2007, [Appellant] was arrested and charged with arson so the sentence was deferred again. On October 26, 2007, [Appellant] finally appeared for sentencing. [The trial court] revoked her IP probation and sentenced her to [eleven and one-half] to [twenty-three] months [of] county incarceration with immediate parole to Phoenix II, an inpatient drug treatment facility. . . .

On February 8, 2008, [Appellant] appeared for her third violation hearing. [The trial court] found [Appellant] in technical violation for absconding from Phoenix II. [The trial court] terminated her parole and revoked her probation. [Appellant] was sentenced to [two] to [five] years [of] state incarceration plus [five] years [of] reporting probation. [The trial court] ordered [Appellant] to receive drug and mental health treatment while incarcerated.

On April 1, 2010, [Appellant] was released on parole and was supervised by the State Parole Board. [Appellant] committed several technical violations while on state parole. She left three different drug treatment programs. Most recently, on March 9, 2016, she was terminated from the drug treatment program at Chances due to lack of attendance. She absconded from

---

[1] We observe that Appellant failed to include copies of the notes of testimony of her May 20, 2005 sentencing, the negotiated plea agreement, or copies of the notes of testimony of any of the previous three violation of probation hearings. Such omission could result in waiver; however, in the interest of judicial economy, we decline to find waiver. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007).

supervision and failed to report twice in November 2016 after being given verbal instructions by her parole officer to do so, telling him, "Oh well. Good luck with that." On November 21, 2016, [Appellant] appeared at the parole/probation office to supply a urine sample and instead defecated in the urine cup. She then admitted to the probation staff that she had been using cocaine. At that point, [Appellant] was taken into custody.

Three weeks later, on December 15, 2016, [Appellant] appeared before [the trial court] for her fourth violation hearing. . . . The State Parole Board's report dated December 7, 2016[,] was incorporated into the record by reference. ([*See*] N.T.[, Hearing,] 12/15/16, [at] 3-6).

* * *

[The trial court] found [Appellant] to be in technical violation for the fourth time and revoked her probation. [Appellant] was sentenced to [not less than two and one-half nor more than five years'] state incarceration with credit for time served. [It] ordered that [Appellant] receive drug abuse treatment, mental health treatment, as well as treatment for any other medical conditions. [The trial court] stated that this sentence was "absolutely necessary to vindicate the authority of the [trial court]." ([*Id.*] at 20).

On December 20, 2016, [Appellant] filed a Petition to Vacate and Reconsider Sentence. On December 23, 2016, [Appellant] filed a Notice of Appeal with [the] Superior Court. On January 19, 2017, [the trial court] ordered that [Appellant] file a Concise Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), and [Appellant] did so on February 10, 2017. [The trial court entered its opinion on April 19, 2017. *See* Pa.R.A.P. 1925.]

(Trial Court Opinion, 4/19/17, at 1-5).

Appellant raises three questions on appeal.

1. Did not the sentencing court violate the requirements of § 9771(c) of the Sentencing Code when, after revoking her probation, it sentenced [A]ppellant to a period of total confinement where: 1) she had not been convicted of or charged with a new crime, 2) the record did not demonstrate

- 3 -

any likelihood that she would commit a new crime if not incarcerated, and 3) incarceration was not essential to vindicate the authority of the court?

2. Was not the [trial] court's imposition of a two and one-half [] to five [] year sentence of incarceration for technical violations of probation, manifestly excessive and an abuse of discretion where the court failed to give individualized consideration to [A]ppellant's personal history, rehabilitative needs or background, and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of the [A]ppellant?

3. Did not the trial court err and abuse its discretion by sentencing [Appellant] to an excessive period of incarceration?

(Appellant's Brief, at 4).

Appellant challenges the discretionary aspects of her sentence.

Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781.

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved [this] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because . . . [Appellant] must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014),

*appeal denied*, 109 A.3d 678 (Pa. 2015) (citations omitted).

Here, Appellant properly preserved her claims in her motion for reconsideration and timely filed notice of appeal. She included a Rule 2119(f) concise statement of reasons relied upon in her brief. (**See** Appellant's Brief, at 9-11). Furthermore, her claims, that the trial court sentenced her to a term of total confinement based solely on a technical violation, and that it imposed a manifestly excessive sentence because her violation was merely technical, raise substantial questions for our review. **See Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process.") (citation and quotation marks omitted); **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000) (holding that total confinement sentence following revocation for technical probation violation implicates fundamental norms that underlie sentencing process). Therefore, we review Appellant's claims on the merits. **See Colon**, **supra** at 1042-43.

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled: "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." **Id.** at 1041 (citation omitted). "An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised

was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Sierra*, *supra* at 913 (citation and quotation marks omitted).

In her first issue, Appellant claims that the trial court abused its discretion when it imposed a sentence of total confinement following her technical violation of her parole. (*See* Appellant's Brief, at 15-21). Specifically, she argues that the court did not have the authority to impose a sentence of incarceration because she had not been convicted of a new crime, the record does not reveal she is likely to commit a new crime, and the sentence was not essential to vindicate the authority of the court. (*See id.*). We disagree.

> When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S.[A.] § 9771. Under 42 Pa.C.S.[A.] § 9771(c), a court may sentence a defendant to total confinement subsequent to revocation of probation if any of the following conditions exist:
>
> > 1. the defendant has been convicted of another crime; or
> >
> > 2. the conduct of the defendant indicates that it is likely that [s]he will commit another crime if [s]he is not imprisoned; or
> >
> > 3. such a sentence is essential to vindicate the authority of this court.
>
> A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Crump*, *supra* at 1282–83 (citations omitted).

In the instant case, the trial court explained that it imposed a sentence of total confinement because it was necessary to vindicate the authority of the court. **See** 42 Pa.C.S.A. § 9771(c)(3). The court explained:

> This was [Appellant's] **fourth** violation hearing; each time she violated her probation/parole in the past, [the trial c]ourt had continued to give her additional opportunities to get mental health and drug treatment. Each time, [Appellant] failed to do so. She absconded from multiple treatment centers and admitted to using cocaine just three weeks prior to her most recent violation hearing. In addition, the record shows that from April 2010 (when she was released on state parole) until November 2016 (when she was taken into custody in the instant matter), [Appellant] committed several technical violations, including repreated failure to report to her state parole agents and continued drug use. . . . After careful consideration of [Appellant's] history while under [the trial c]ourt's supervision, as well as the supervision of the State Parole Board, [the trial c]ourt concluded that revocation and a period of state incarceration were necessary to vindicate the authority of [the trial c]ourt. . . .

(Trial Ct. Op., at 6-7 (emphasis in original); **see** N.T. Hearing, at 20 ("This sentence is absolutely necessary to vindicate the authority of [the trial c]ourt.")).

Upon review, we discern no abuse of discretion. **See Colon**, **supra** at 1041. The record reflects the trial court's consideration of the both the facts of the probation violations and Appellant's history, and supports the trial court's decision that a sentence of total confinement was necessary to vindicate its authority. **See Crump**, **supra** at 1282-83. Appellant's first issue does not merit relief.

In her second issue, Appellant claims that the trial court erred because it did not consider her personal history, rehabilitative needs or background,

and that it did not explain "how, as a matter of law, this sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of the Appellant." (Appellant's Brief, at 21 (most capitalization omitted); *see id.* at 21-25). We disagree.

Upon revocation of probation, "the sentencing court must follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040–41 (Pa. Super. 2013) (citation and quotation marks omitted). In addition, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* at 1041 (citation and quotation mark omitted).

In the instant case, the trial court explained that it had a long history with Appellant, which included several probation violations. (*See* N.T. Hearing, at 3). The court detailed Appellant's history of absconding from supervision on multiple occasions, leaving treatment facilities, failing to report to probation, and continued drug abuse. (*See id.* at 3-6). It explained that it considered this history, as well as Appellant's mental health and medical

conditions,[2] when it imposed a sentence of incarceration. (*See id.* at 20). Finally, the court stated that it imposed a sentence without a probation tail to attempt to help Appellant, and hoped that Appellant would take advantage of prison programs to obtain the help that she needed. (*See id.* at 21). Therefore, the record reveals that the sentencing court properly considered the required factors and set forth its reasons prior to imposing sentence. **See Cartrette**, **supra** at 1041. Appellant's second issue does not merit relief.

In her third issue, Appellant claims that her sentence is manifestly excessive because she was "in technical violation of the conditions of probation due to substance abuse that was exacerbated by her mental illness." (Appellant's Brief, at 25; *see id.* at 25-27). We disagree.

When imposing a sentencing following revocation of probation, the trial court has "the same sentencing alternatives that it had at the time of the initial sentencing." **Commonwealth v. Simmons**, 56 A.3d 1280, 1286 (Pa. Super. 2012), *aff'd*, 91 A.3d 102 (Pa. 2014), *cert. denied*, 135 S.Ct. 366 (2014) (citations omitted); **see** 42 Pa.C.S.A. § 9771(b). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." **Simmons**, **supra** at 1286-87 (citation omitted).

---

[2] In response to Appellant's concern about receiving medical care for her breast cancer diagnosis while incarcerated, the court explained that the prisons are required to provide that type of medical care. (**See** N.T. Hearing, at 9).

Here, Appellant originally pleaded guilty to possession with intent to deliver a controlled substance, pursuant to a negotiated guilty plea with an underlying sentence of one year in the intermediate punishment program, plus two years of probation. (*See* Trial Ct. Op., at 1-2). The maximum sentence for PWID cocaine is ten years. *See* 35 P.S. §§ 780-113(a)(30), (f)(1.1). After determining that Appellant violated her probation, the court sentenced her to a period of incarceration of not less than two and one-half nor more than five years, within the maximum sentence that the trial court could have originally imposed. *See Simmons*, *supra* at 1286-87. Thus, Appellant's allegation that the court abused its discretion and sentenced her to a manifestly excessive sentence is without merit. Appellant's third issue does not merit relief.

Accordingly, we conclude that the trial court properly considered all of the relevant factors that it was required to consider, and acted within its discretion when imposed a sentence of total confinement for this, Appellant's fourth probation violation. *See Colon*, *supra* at 1041. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/17