J-A04024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROMAN JORDAN CLAY | : | No. 996 MDA 2017 |

Appeal from the Judgment of Sentence May 19, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000364-2016

BEFORE: STABILE, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 23, 2018**

The Commonwealth appeals from the judgment of sentence of one to twenty-three months' incarceration plus six years' probation imposed after Appellee Roman Jordan Clay entered an open guilty plea to five counts of burglary and one count of loitering and prowling at nighttime.[1] The sole issue on appeal is whether the trial court abused its discretion by sentencing Appellee to concurrent mitigated range sentences for the burglaries. We affirm.

During the early morning hours of January 1, 2017, Appellee loitered outside of, then unlawfully entered, five occupied residences near Millersville

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3502(a)(1) (subsequently amended eff. Jan. 3, 2017) and 5506, respectively.

University. Therein, he stole items of varying value, totaling $808. The incidents took place over the span of approximately two hours.

Appellee was subsequently arrested and charged with the above-stated crimes. On March 13, 2017, Appellee entered an open guilty plea. The trial court deferred sentencing pending the completion of a presentence investigation report (PSI).

On May 19, 2017, the trial court convened a sentencing hearing. The Commonwealth presented the PSI and admitted three victim impact statements into evidence. A fourth victim also attended the hearing, but did not testify.

The Commonwealth requested a state sentence, arguing it was necessary for protection of the community. N.T., 5/19/17, at 6. Additionally, the Commonwealth argued that a lesser sentence would depreciate the seriousness of the offense, given the number of burglaries and the fact that Appellee confronted several of the victims in their living spaces. *Id.* at 6.

Appellee requested a sentence of "intermediate punishment" that would allow him to continue with his mentoring and community service. *Id.* at 9. He presented a number of mitigating factors, including his lack of criminal history, the recent birth of his child, his early graduation from college, his acceptance to a graduate school, and his high level of community involvement. *Id.* at 9-13. Appellee also spoke directly to the court, apologized to the victims, his family and the community, and claimed responsibility for his actions. *Id.* at 13-16.

- 2 -

The trial court explained its sentence while addressing Appellee:

Now, I understand that it was in a short period of time and that alcohol was involved. But I'm sure those folks sitting back there or the folks that have provided me with victim impact statements, that hasn't changed the effect that this has had on them one iota.

They were affected. You have, in large measure, ruined their peace of mind. And I don't know whether, if ever, that's going to come back to them. These things have a way of sticking with people. They don't feel as secure. They don't feel as confident in all kinds of ways, and you've taken that from those folks.

But I don't -- I don't view my role as being vindictive or crafting sentences that I think are not really gonna serve anybody's interests.

You're somebody that I believe has promise. You've got more than enough examples in your life of situations that are completely out of character from this.

So I've got to weigh the good, which is considerable, with the bad, which in this case is, you know, a one-evening incident and try to craft something that's fair.

I think that to not provide some taste for you of what the inside of a prison looks like wouldn't be appropriate, but I don't think that that needs to be the overriding concern here.

My -- my approach in cases like this is to give people a second chance and to keep you on supervision for a long period of time so that if it turns out that I'm wrong or that I've misjudged somebody for whom I've given a second chance, then I'll get an opportunity to correct that misjudgment. And that's what I'm gonna do with you.

N.T., 5/19/17, at 17-18.

The trial court thereafter imposed an aggregate sentence of one to twenty-three months' incarceration with a six-year probationary tail. Additionally, the court ordered Appellee to pay restitution, complete 100 hours of community service, and comply with mandatory DNA testing.

- 3 -

On May 26, 2017, the Commonwealth filed a timely post-sentence motion, which the trial court denied on June 8, 2017. On June 20, 2017, the Commonwealth filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement.

The trial court filed a responsive opinion further explaining its sentence:

At the sentencing hearing, the [c]ourt was well informed by the presentence report that outlined [Appellee's] background and character. The [c]ourt considered [Appellee's] difficult childhood, his extensive volunteer service in the community, and his academic and athletic achievements, noting how [Appellee] used his background as an athlete to be a force for positive in the community by working with less privileged people. The [c]ourt also noted the [e]ffect [Appellee's] actions had on the victims as well as the mental distress his actions would likely cause. In imposing the sentence, the [c]ourt specifically noted its consideration of all interests and circumstances surrounding this specific case. In weighing those interests, the [c]ourt stated that its approach here was to balance the interests of all parties in crafting a sentence that would ensure justice was served while also maintaining an extensive level of supervision to guard against misjudgment. The [c]ourt noted the substantially positive aspects of [Appellee's] background including his plans to attend graduate school in the fall, his new commitments as a father, as well as the fact that the crimes took place in a very short period of time.

Trial Ct. Op., 9/8/17, at 3 (unpaginated).

The Commonwealth raises a single issue for our review:

Whether the [trial court] committed an abuse of discretion by sentencing [Appellee] to an aggregate mitigated range sentence of one (1) month to twenty-three (23) months['] incarceration followed by a consecutive six (6) years['] probation for five (5) counts of First Degree Felony Burglary (Person Present) and one (1) count Misdemeanor Three Loitering and Prowling at Nighttime?

Commonwealth's Brief at 4.

- 4 -

The Commonwealth contends that the trial court's aggregate sentence was excessively lenient and inconsistent with the Sentencing Code.[2] Commonwealth's Brief at 11. It asserts that the trial court failed to justify the sentence with sufficient reasons. *Id.* at 9. Additionally, the Commonwealth urges that while the court considered both the PSI and "a number of aggravating and mitigating factors," it did not acknowledge the impact on the community, the protection of the public, nor the concerns of police who were present in the courtroom. *Id.* at 18. Instead, the Commonwealth argues that the trial court gave improper weight to the needs of Appellee, and "seemed almost solely focused on [Appellee] and a desire to give him a second chance regardless of the seriousness of the residential burglaries and the violation felt by the victims . . . ." *Id.* at 18.

In support of this argument, the Commonwealth refers to the three victim impact statements.[3] Additionally, the Commonwealth emphasizes that

---

[2] Based on Appellee's prior record score of zero, each burglary offense carried a standard suggested minimum sentence of twelve to twenty-four months incarceration, plus or minus twelve months for the aggravating and mitigating factors. *See* 204 Pa. Code § 303.16(a).

[3] The Commonwealth refers to three victim impact statements to assert that their concerns were not adequately reflected in Appellee's sentence. However, the certified record only contains one victim impact statement. The Commonwealth did not seek to supplement or correct the record, nor include the remaining two victim impact statements in their reproduced record. The victim impact statement included in the record indicates that Appellee violated the victim's and the victim's family's sense of security and took all of the victim's food money for the month. Nevertheless, that victim requested that

it "specifically noted to the [c]ourt that [Appellee] by his invasive actions took away the personal security of the victims - as several were awakened and confronted by him when he was inside their homes." Commonwealth's Brief at 15. The Commonwealth further emphasizes that burglary is considered a crime of violence. *Id.* at 16.

Finally, the Commonwealth takes issue with the trial court's concurrent sentencing structure. *Id.* at 18. It claims that the trial court essentially gave Appellee a "volume discount" because the burglaries occurred on a single night. *Id.* at 20. This, it argues, "diminishes the serious nature of the offenses and the effect on both the victims, society in general, and the considerable efforts of law enforcement in investigating the crimes." *Id.* at 17. The Commonwealth also takes issue with the court's failure to state the specific sentencing guidelines on the record, when the "five counts were set at the bottom of the mitigated range." *Id.* at 18.

It is well-settled that an appellant does not have an appeal as of right to challenge the discretionary aspects of sentencing. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of a sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a

---

the trial court impose a county sentence and a lengthy period of probation, or whatever sentence the Commonwealth believed was appropriate.

motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted).

Instantly, the Commonwealth filed a timely notice of appeal and preserved the discretionary sentencing claim in its post-sentence motion. Additionally, the Commonwealth has included a Pa.R.A.P. 2119(f) statement in its brief. Therefore, we determine whether the Commonwealth has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Id.*** (citation omitted). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted).

The Commonwealth's contentions here—*i.e.*, that the trial court failed to give proper consideration to the gravity of the offenses, the impacts on the victims, and the nature and circumstances of the offenses—raise substantial questions for review. ***See Commonwealth v. Wilson***, 946 A.2d 767 (Pa. Super. 2008). Therefore, we address the merits of this appeal.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* (citation omitted). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283 (citation omitted).

Here, Appellee's sentences for the burglaries were in the mitigated range of the sentencing guidelines. Therefore, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d), and our review of the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b).[4] *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013).

---

[4] Section 9721(b) states that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

This Court may not reweigh the factors considered by the trial court when imposing sentence. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted). Where trial court is informed by a PSI, we presume "that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Based on our review of the record, we find no basis to disturb Appellee's sentence on appeal. Contrary to the Commonwealth's argument, the trial court did not fail to consider the protection of the public, the gravity of the offense in relation to the impact on the victims, or the rehabilitative needs of Appellee. *See* 42 Pa.C.S. § 9721(b). The court gave a lengthy statement that specifically addressed the gravity of the offenses and the impact of

---

Section 9781(d) provides:

> In reviewing the record, the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellee's crimes on the victims. N.T., 5/19/17, at 5, 7. However, the court also noted many of the mitigating factors presented at sentencing and in the PSI, including Appellee's background, his involvement with the community, his plans to attend graduate school, and his association with a number of positive mentors. *Id.* at 16-18. In fashioning its sentence, the court referenced the fact that this case was a "one-evening incident," and that Appellee had "more than enough examples in [his] life of situations that [were] completely out of character from [these crimes]." *Id.* at 18.

In arguing that the court inadequately considered the gravity of the offenses and the impact on the victims, the Commonwealth's arguments ask us to reweigh the factors considered by the trial court.[5] *See Macias*, 968 A.2d at 778. Our review of the record in light of section 9781(d) reveals that the trial court gave due consideration of all relevant factors and the sentencing guidelines,[6] and we discern no basis to conclude that the court's application of the guidelines was clearly unreasonable.

_____

[5] The Commonwealth repeatedly asserts that Appellant "confronted" several occupants of the home. *See* Commonwealth's Brief at 6, 11, 15, 16; *see also* N.T., 5/19/17, at 6-8. However, the record evidence of Appellee's encounters with the occupants of the homes were limited to two instances. In the first, a male occupant awoke from the living room floor, asked Appellee if "everything [was] okay," then went back to sleep. N.T., 5/19/17, at 7. In the second, a female occupant awoke when she saw Appellee's flashlight, but no words were exchanged. *Id.* at 6.

[6] Although the trial court did not expressly refer to the sentencing guidelines, it is unnecessary for the court to do so long as the court demonstrates its recognition of the guidelines. *See Commonwealth v. Griffin*, 804 A.2d 1, 8

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/23/18

---

(Pa Super. 2002). ("When the record demonstrates that the sentencing court was aware of the guideline ranges and contains no indication that incorrect guideline ranges were applied or that the court misapplied the applicable ranges, we will not reverse merely because the specific ranges were not recited at the sentencing hearing." (citation omitted)).