COMMONWEALTH of Pennsylvania, Appellee

v.

Ryfee CRUMP, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 12, 2010.

Filed May 28, 2010.

John P. Cotter, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: BOWES, GANTMAN, and KELLY, JJ.

OPINION BY BOWES, J.:

¶ 1 Appellant, Ryfee Crump, appeals from the judgment of sentence imposed after the trial court revoked an earlier sentence of probation. We affirm.

¶ 2 A review of the record reveals the following facts. Appellant fled from the police and engaged them in an automobile chase before he crashed through a metal fence and into a tree. He then attempted to escape on foot, but was subsequently apprehended and found in possession of 3.576 grams of crack cocaine. After a non-jury trial on February 17, 2005, Appellant was found guilty of possession with intent to deliver ("PWID"). On May 3, 2005, the court sentenced Appellant to a term of incarceration of one to two years to be followed by a consecutive term of three years probation.

¶ 3 After serving his term of imprisonment, Appellant was released to probation. Appellant then was charged with violating the terms and conditions of probation as a

result of his failure to report and due to a subsequent arrest for possession of a controlled substance. At the time of his second arrest, Appellant was shot but fled from the hospital and remained a fugitive until yet a third arrest. A violation of probation (VOP) hearing was conducted on his 2005 PWID sentence and the trial court found Appellant did violate his probation. He was sentenced to a term of one to two years incarceration with a consecutive term of four years probation. On appeal, Appellant asserts that the trial court erred in imposing a sentence of total confinement for technical violations of probation and he contends that the trial court imposed an illegal sentence.

 ¶ 4 Our standard of review is well settled. Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Johnson,* 967 A.2d 1001 (Pa.Super.2009). An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. *Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957 (2007). It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence. *Commonwealth v. Ferguson,* 893 A.2d 735, 737 (Pa.Super.2006).

 ¶ 5 Appellant's first issue contests the discretionary aspects of his sentence. We note that there is no absolute right to appeal when challenging the discretionary aspect of a sentence. *Commonwealth v. Ahmad,* 961 A.2d 884, 886 (Pa.Super.2008). Appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. *Id.* at 886. A substantial question is raised when the appellant sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process. *Id.*

 ¶ 6 When a challenge to the discretionary aspect of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa.R.A.P. 2119(f). In the instant case, Appellant has included a 2119(f) statement within his brief and advances a plausible argument that the trial court violated the fundamental norms underlying the sentencing process. The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the "fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra,* 752 A.2d 910, 913 (Pa.Super.2000). Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits. *Commonwealth v. Titus,* 816 A.2d 251 (Pa.Super.2003). As noted, Appellant argues that the trial court abused its discretion in imposing a sentence of total confinement for technical violations of probation. Hence, we review Appellant's issue on its merits.

¶ 7 When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in 42 Pa.C.S. § 9771. *Commonwealth v. Ferguson, supra.* Under 42 Pa.C.S. § 9771(c), a court may sentence a defendant to total confinement

subsequent to revocation of probation if any of the following conditions exist:

1. the defendant has been convicted of another crime; or

2. the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

3. such a sentence is essential to vindicate the authority of this court.

*See also Commonwealth v. Coolbaugh,* 770 A.2d 788 (Pa.Super.2001).

¶ 8 A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. *Commonwealth v. Malovich,* 903 A.2d 1247 (Pa.Super.2006). In the case *sub judice,* the trial court noted that Appellant failed to report on October 13, 2006, and October 23, 2006, and was arrested for possession of crack cocaine on October 29, 2006.

¶ 9 The court considered the testimony at the VOP hearing regarding Appellant's lack of success under probation, arrest while under supervision, failure to appear on numerous occasions, and flight from a halfway house while under parole supervision.[1] The sentencing record therein reveals Appellant was found in possession of a controlled substance while on probation, thus showing Appellant was likely to commit another crime. *See Malovich, supra,* at 1254. Since the record as a whole reflects that the trial court considered the facts of the crime and character of Appellant in making its determination, we can-

not re-weigh the sentencing factors to achieve a different result. Appellant therefore is not entitled to relief on that basis.

¶ 10 Appellant's remaining issue is that his sentence exceeds the statutory maximum. The issue of whether a sentence is illegal is a question of law and our scope of review is plenary. *Commonwealth v. Maxwell,* 932 A.2d 941, 942 (Pa.Super.2007). The maximum sentence allowable under the law for the crime of which Appellant was convicted, PWID, is ten years.[2]

¶ 11 Appellant was originally given a split sentence, a term of incarceration of one to two years followed by a consecutive term of three years probation. The trial court's sentence after the revocation of probation was one to two years imprisonment with a consecutive term of four years probation.

¶ 12 Appellant contends that when the two separate split sentences are added together, the amount of time exceeds the statutory maximum of ten years. The question thus becomes whether the original split sentence of incarceration and probation are to be factored into determining the legality of the new sentence imposed after the revocation of probation. We find that under the facts of the present case, the original probation sentence is not to be considered in determining the legality of Appellant's subsequent sentence.

¶ 13 When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum. *See* 42 Pa.C.S. § 9754; 42 Pa.C.S. § 9756; *Common-*

---

1. While on parole for the original PWID sentence Appellant was placed in a halfway house. As a result of his flight from that location, Appellant's parole was revoked and he served the balance of his sentence of incar-

ceration in a state correctional facility before beginning his probationary term.

2. 35 P.S. § 780–113(a)(30); 35 P.S. § 780–113(f)(1.1).

*wealth v. Nickens,* 259 Pa.Super. 143, 393 A.2d 758, 759 (1978); *Commonwealth v. Perkins,* 302 Pa.Super. 12, 448 A.2d 70 (1982). Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years probation. However, in a situation where probation is revoked on a split sentence, as in the case *sub judice,* a defendant is not entitled to credit for time spent on probation. 42 Pa.C.S. § 9771(b); *see also* 42 Pa.C.S. § 9760 (credit for time served). Nor is a defendant automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum. *Commonwealth v. Yakell,* 876 A.2d 1040 (Pa.Super.2005); *Commonwealth v. Williams,* 443 Pa.Super. 479, 662 A.2d 658 (1995).

¶ 14 Pursuant to 42 Pa.C.S. § 9771(b), when a defendant is found in violation of his probation, "upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." Therefore, the sentencing court at the time of re-sentencing must give "due consideration" to the time the defendant spent serving probation, but need not credit the defendant with any time spent on probation.

¶ 15 Additionally, Section 9754 of the Sentencing Code only mandates that a sentencing court keep a term of probation under the maximum term a defendant could be confined. Section 9754 states:

General rule.—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defen-

dant could be confined, and the authority that shall conduct the supervision. 42 Pa.C.S. § 9754.

¶ 16 Thus, a defendant cannot be given a term of probation which exceeds the statutory maximum. We have found no case law nor has Appellant supplied any authority that would command a sentencing court to give credit for the amount of probationary time a person is originally given in determining the legality of a subsequent sentence for violation of probation.

¶ 17 Moreover, Section 9760 compels credit toward a sentence only for time served while incarcerated. Section 9760 reads in relevant part:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

¶ 18 The statutory language is clear that a person is entitled to credit toward his or her sentence if time is spent in custody. The statute does not address credit in relation to a probationary sentence. Also, while the language of Section 9760 does not discuss an illegal sentence or the situation where a person receives a new sentence as a result of a probation violation, our case law analyzing the statute has outlined the necessary considerations we must make in determining whether a sentence is illegal.

¶ 19 In *Commonwealth v. Williams, supra,* we concluded that a defendant who had previously served time on a split sen-

tence and was subsequently sentenced to the maximum term after revocation of his probation was entitled to credit for time served for his original period of incarceration. Our reasoning in *Williams* centered on the fact that the failure to award credit for the original time spent imprisoned would result in the defendant serving more time incarcerated than the lawful maximum. This Court also held in *Commonwealth v. Bowser*, 783 A.2d 348 (Pa.Super.2001), that a defendant is not entitled to credit for time served following revocation of probation if the new sentence of incarceration does not reach the statutory maximum. *See also Yakell, supra.* Applying these decisions to the facts of this case leads us to conclude that Appellant's original probationary sentence has no effect on determining the legality of his subsequent revocation sentence.

¶ 20 Our statutory and case law are clear. Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal. *Commonwealth v. Williams, supra; see also Yakell, supra.* Additionally, the sentencing court cannot give a new split sentence where the period of incarceration and period of probation exceed the statutory maximum. *See Commonwealth v. Perkins, supra.* In the case at bar, this would mean that the sentencing court could not have sentenced Appellant to five to ten years of incarceration since he had already served two years in prison. In addition, the sentencing court is barred from re-sentencing the defendant to a term of imprisonment of one to two years followed by nine years of probation, as the total amount of super-vision on the new sentence would exceed ten years.

¶ 21 We note that according to Appellant's rationale, had he originally been given a term of incarceration of one to two years followed by a term of probation of eight years rather than three years, and violated his probation in the last year of probation, the trial court would only have been able to re-sentence him to a term of incarceration of one year. Neither § 9771(b) or § 9760 compel such a result, nor does our case law.

¶ 22 The new sentence of one to two years imprisonment followed by a consecutive term of four years probation does not exceed ten years, nor does the total amount of time Appellant would spend incarcerated, which, including previous periods of incarceration, would total four years, surpass the ten-year maximum sentence. Furthermore, the total period of time Appellant would spend imprisoned plus the new term of probation imposed does not equal the statutory maximum of ten years. Since Appellant is not entitled to the inclusion of his original probation sentence in determining the legality of his revocation sentence under the facts of this case, and his revocation sentence does not exceed ten years, the sentence is not illegal.

¶ 23 Judgment of sentence affirmed.