J. A21043/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,     :   IN THE SUPERIOR COURT OF
                                    :        PENNSYLVANIA
         Appellant            :
                                      :
             v.                 :
                                      :
JAMES BREECE                    :   No. 2377 EDA 2013

Appeal from the Judgment of Sentence Entered December 19, 2012,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s): CP-09-CR-005416-2009

BEFORE: BOWES, OTT, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 23, 2014**

The Commonwealth of Pennsylvania (the Commonwealth) appeals from the judgment of sentence entered on December 19, 2012, which modified the term of probation for James Breece (Breece).[1] We affirm.

On June 18, 2009, Breece was charged with six counts each of indecent assault without consent and corruption of minors.[2] These charges stemmed from incidents of sexual abuse perpetrated by Breece upon minor victims when they were between the ages of seven and twelve, and occurred between 1978 and 1988. On October 11, 2009, Breece pled *nolo contendere* to all counts. At that time, Breece was 69 years old. On December 16,

---

[1] The Commonwealth purports to appeal from the order signed on July 16, 2013, and entered on July 17, 2013, which denied its petition for reconsideration filed after the judgment of sentence that was entered on December 19, 2012. However, this appeal lies properly from the judgment of sentence itself, and we have amended the caption accordingly.

[2] 18 Pa.C.S. § 3126(a)(1) and 18 Pa.C.S. § 6301(a), respectively.

*Retired Senior Judge assigned to the Superior Court.

2009, Breece was sentenced to 11½ to 23 months' incarceration, followed by an aggregate term of 22 years' probation. Part of that sentence included Breece's participation in "sex offender supervision and treatment." N.T., 12/16/2009, at 2.

Breece completed his minimum sentence, and was paroled on December 1, 2010. After completing his parole, Breece began his term of probation in November 2011. On November 19, 2012, Breece presented to the trial court a petition to terminate probation and sexual offender supervision.[3] He requested a hearing date prior to the effective date of the latest version of Megan's Law, also known as the Sexual Offender Reporting and Notification Act (SORNA), codified at 42 Pa.C.S. §§ 9799.10-9799.41.[4]

A hearing took place on December 19, 2012, after which, the trial court denied Breece's motion. However, the trial court did modify Breece's term of probation by decreasing it from 22 years to 11 years. On December 27, 2012, the Commonwealth filed a "Petition For Reconsideration Of

---

[3] That petition is not included in the certified record.

[4] The General Assembly enacted SORNA on December 20, 2011, and amended it on July 5, 2012. SORNA became effective on December 20, 2012. Under SORNA, indecent assault is a Tier 1 offense (42 Pa.C.S. § 9799.14(b)(6)); thus, Breece is required to register as a sexual offender with the State Police for 15 years. 42 Pa.C.S. § 9799.15(a)(1). Accordingly, Breece presented a petition to request that the trial court terminate his supervision so that he would not have to comply with these new sexual offender registration requirements.

Sentence."[5]  A hearing on that petition was held on June 7, 2013.  On July 17, 2013, the trial court entered an order denying that petition. The Commonwealth filed a notice of appeal, and both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

---

[5]  Pa.R.Crim.P. 721(A)(1) provides that the Commonwealth may file a "motion to modify sentence."  Instantly, the Commonwealth called its motion a "Petition For Reconsideration Of Sentence."  As this motion challenged the sentence imposed by the trial court, we conclude it is still governed by Pa.R.Crim.P. 721 - Procedures for Commonwealth Challenges to Sentence; Sentencing Appeals.

Where the Commonwealth files a motion to modify sentence within 10 days of the judgment of sentence, the Rule provides the following:

> If the defendant has not filed a post-sentence motion, the judge shall not vacate sentence but shall decide the Commonwealth's motion within 120 days of the filing of the motion. If the judge fails to decide the Commonwealth's motion within 120 days, the motion shall be deemed denied by operation of law.

Pa.R.Crim.P. 721(C)(2).  In this case, the Commonwealth filed its motion within 10 days.  Accordingly, the trial court had 120 days, or until April 18, 2013, in which to dispose of the motion.  As the trial court did not dispose of the motion by that date, the clerk of courts should have entered an order deeming the Commonwealth's motion denied by operation of law, and the Commonwealth's appeal should have been filed within 30 days of that order. That did not occur.  Under similar circumstances, this Court has held that "where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in the court system has occurred and [this Court] will not find an appeal untimely under these circumstances." *Commonwealth v. Perry*, 820 A.2d 734, 735 (Pa. Super. 2003).  Thus, the Commonwealth's appeal, which was filed well-outside this timeframe, is timely due to the breakdown in the court system.

On appeal, the Commonwealth challenges the discretionary aspects of Breece's sentence.[6] "[T]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010). To preserve properly a discretionary sentencing issue, the Commonwealth must raise the claim at sentencing or in a post-sentence motion and in a court-ordered Pa.R.A.P. 1925(b) concise statement. **Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa. Super. 2012). Furthermore, an "[a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." **Crump**, 995 A.2d at 1282. The Commonwealth presents a substantial question for review if it "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Naranjo**, 53 A.3d at 72 (citations omitted). In addition, the Commonwealth "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." **Id**.

---

[6] The Commonwealth also raised an issue asserting that the trial court erred in modifying Breece's sentence more than two years after he was originally sentenced. However, at oral argument, the Commonwealth abandoned this argument. Moreover, the law is clear that a trial court "may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed." 42 Pa.C.S. § 9771(a).

Instantly, the Commonwealth raised this issue in a timely-filed motion for reconsideration, and again in its Pa.R.A.P. 1925(b) statement. However, the Commonwealth does not present a separate statement pursuant to Pa.R.A.P. 2119(f) ("An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence."). Rather, it presents several arguments in support of its claim that the new judgment of sentence is "unreasonable." Commonwealth's Brief at 17-18. The Commonwealth argues that had Breece committed these crimes more recently, the identical conduct would result in additional charges with higher offense gravity scores. *Id*. at 18. The Commonwealth also argues that Breece "was less than forthright" with his treatment provider and continued to volunteer at a home for troubled boys until his incarceration. *Id*. at 19.

The Commonwealth has not persuaded this Court that either of these reasons presents a substantial question as to why the trial court's decision to decrease Breece's probation "violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Naranjo*, *supra*. The Commonwealth has not directed us to any case involving a

Commonwealth appeal from a trial court's decision to decrease a term of probation.[7] Moreover, this Court's research has not revealed any such case.

Even assuming, *arguendo*, the Commonwealth has presented a substantial question, we are not persuaded that the trial court's decision to decrease the term of probation was an abuse of discretion. "In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard." ***Commonwealth v. Stokes***, 38 A.3d 846, 858 (Pa. Super. 2011).

The trial court set forth the following rationale for its decision.

> At the hearing, we found it significant that Breece testified that he had been participating in therapy with Ken Singer since he was charged with these offenses in addition to sex offender supervision ordered by the probation department; he admitted his offenses to his wife and other family members; he had the support of a church community (which is fully aware of the convictions); and he had continued contact with [his son, who was one of the victims in this case, as well as his grandchildren]. Furthermore, we took into consideration that the crimes charged occurred twenty-five (25) to thirty-five (35) years ago; that [Breece] was, at the time of the Petition to Terminate Supervision, seventy-two years of age; his health issues, including high blood pressure, emphysema, sleep apnea, and allergies; that his only violation of supervision was a technical violation for joining a church without first notifying the probation department of the location of the church and that the violation was handled in house by his current probation officer; and the fact that he was not subject to Megan's law at the time of his conviction but would be subject to much more stringent reporting requirements under SORNA for the remainder of his life.

Trial Court Opinion, 11/15/2013 at 11.

---

[7] It is unlikely that there would be any case in which a defendant filed a notice of appeal from a decision to decrease his or her term of probation.

Under this modified term of probation, Breece likely will be on probation for the majority of the remainder of his life. Moreover, he is subject to stringent reporting requirements under SORNA. Accordingly, we cannot agree with the Commonwealth that the modification of Breece's probation was an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014