J-A31004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BOUNEAKE DARNELL DANZEY, | |
| Appellant | No. 2188 MDA 2013 |

Appeal from the Judgment of Sentence November 8, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003142-2009

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 18, 2014**

Bouneake Darnell Danzey appeals from the judgment of sentence of three to six years incarceration imposed by the trial court after it revoked his probation.  Finding that the trial court sentenced Appellant illegally, we vacate his judgment of sentence and remand for resentencing.

Appellant entered a negotiated guilty plea to failure to register as a sex offender on March 9, 2010.  The guilty plea colloquy indicated that Appellant was pleading guilty to a felony of the third-degree and that his maximum sentence could be seven years incarceration.  The criminal complaint similarly outlined that Appellant's criminal violation was a felony of the third-degree.  In addition, the criminal docket sheet in this matter sets forth Appellant's violation as a third-degree felony.  A Pennsylvania Board of Probation and Parole form, relating to supervision history, also indicated that

the failure to register charge was a third-degree felony. However, the court, following the guilty plea and sentence, completed a Pennsylvania Sentencing Guideline form in which it set forth for the first time that the offense was a second-degree felony.[1]

Despite the criminal complaint and the negotiated guilty plea being premised on a third-degree felony, the Commonwealth sought, and the trial court imposed, a sentence of two to four years incarceration, plus a consecutive five-year probationary term. Appellant did not appeal and subsequently served his maximum sentence prior to being released from incarceration. On August 23, 2013, the court revoked Appellant's probation. Thereafter, on November 8, 2013, the court resentenced Appellant to three to six years incarceration, with credit for time served of five months. Appellant filed a timely post-sentence motion on November 18, 2013, which the trial court denied. This timely appeal ensued.[2]

_____

[1] The criminal information did not include a grading for the offense. Apparently, the Commonwealth could have charged Appellant with a second-degree felony because he was previously convicted of aggravated indecent assault, which, at the time of Appellant's conviction for that offense, required lifetime reporting. Under the then-applicable version of 18 Pa.C.S. § 4915, a person subject to lifetime registration was guilty of a second-degree felony for failing to register. Section 4915 has since been replaced by § 4915.1. Nonetheless, Appellant was charged with and entered his plea based on a felony three grading.

[2] A probation revocation defendant has thirty days to appeal from the revocation sentence. Unlike an appeal from an original judgment of sentence, the filing of a post-sentence motion does not toll the appeal period
*(Footnote Continued Next Page)*

The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored its opinion. The matter is now ready for our review. Appellant's sole issue on appeal is: "[w]hether Appellant's revocation sentence is illegal where it exceeds the maximum penalty allowed by law?" Appellant's brief at 4.

A sentence that exceeds the lawful maximum is illegal. **Commonwealth v. Shiffler**, 879 A.2d 185 (Pa. 2005). Legality of sentence questions present questions of law for which our standard of review is *de novo*. **Commonwealth v. Raven**, 97 A.3d 1244, 1248 (Pa.Super. 2014). Our scope of review is plenary. **Id**. Here, Appellant argues, and the Commonwealth concedes, that his sentence is illegal. Appellant highlights that he pled guilty to a third-degree felony and the maximum sentence for such an offense is seven years. 18 Pa.C.S. § 1103(3). Since he previously served four years after entry of the guilty plea, he maintains that the maximum sentence he could serve for his probation revocation is three years. Appellant is correct that his total period of incarceration cannot exceed seven years for a third-degree felony charge. **See Commonwealth v. Crump**, 995 A.2d 1280 (Pa.Super. 2010).

*(Footnote Continued)* —————————

for revocation sentences. Pa.R.Crim.P. 708(E). Appellant filed his appeal on December 6, 2013.

The trial court maintains, based on the aforementioned sentencing guideline form, that Appellant pled guilty to a second-degree felony. However, the guilty plea colloquy and the criminal complaint indicate that Appellant entered his plea based on the charge being graded as a third-degree felony. Thus, Appellant's three-to-six-year sentence is illegal.

Judgment of sentence vacated. Case remand for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2014