J-S48011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY KEITH GARLAND | |
| Appellant | No. 1325 WDA 2014 |

Appeal from the Judgment of Sentence March 3, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-009716-2013

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 26, 2015**

Appellant, Larry Keith Garland, appeals from the judgment of sentence entered March 3, 2014, in the Court of Common Pleas of Allegheny County. We vacate the judgment of sentence and remand for resentencing.

Garland entered a guilty plea to one count of carrying a firearm without a license, 18 Pa.C.S.A. § 6016(a)(1), and the trial court imposed a sentence of two to five years of imprisonment followed by five years of probation. Garland filed a post-sentence motion, which was denied by operation of law. This timely appeal followed.

Garland first challenges the legality of his sentence.  He argues—and the trial court agrees—that the sentence imposed for carrying a firearm without a license exceeds the statutory maximum. **See** Appellant's Brief at 5; Trial Court Opinion, 12/12/14 at 5. If a court "imposes a sentence outside

of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." ***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (citation omitted).

Garland claims that his split sentence of two to five years' imprisonment followed by a consecutive five years' probation exceeds the maximum sentence permissible for carrying a firearm without a license, which is graded as a third-degree felony. ***See*** 18 Pa.C.S. § 6016(a)(1) (grading offense as felony of the third degree). We agree.

"When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum." ***Commonwealth v. Crump***, 995 A.2d 1280, 1284 (Pa. Super. 2010) (citations omitted). ***See also*** 42 Pa.C.S.A. § 9754(a). "Thus, [for example,] where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years' probation." ***Crump***, 995 A.2d at 1284.

Here, the trial court's sentence of two to five years of imprisonment followed by five years' probation exceeded the statutory maximum of seven years. ***See*** 18 Pa.C.S.A. § 1103(3). This constitutes an illegal sentence, which must be corrected. ***See Infante***. We therefore vacate Garland's

judgment of sentence and remand for resentencing consistent with this memorandum.[1]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/26/2015

_____

[1] Our disposition of Garland's first issue renders discussion of his second issue moot. We advise on remand that while a pre-sentence investigation (PSI) report may be requested at the discretion of the sentencing court, if a PSI report is not ordered, the sentencing court *must* "place on the record the reasons for dispensing with the pre-sentence investigation report … when incarceration for one year or more is a possible disposition under the applicable sentencing statutes."  Pa.R.Crim.P 702(A)(2)(a).