J-S07006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL FUSCELLARO, | |
| Appellant | No. 999 EDA 2015 |

Appeal from the Judgment of Sentence Entered March 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0710551-2006

BEFORE: BENDER, P.J.E. , PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 11, 2018**

Appellant, Michael Fuscellaro, appeals from the March 10, 2015 judgment of sentence of 11½ to 23 months' incarceration, followed by 4 years' probation, imposed after the trial court revoked a term of probation Appellant was serving for a robbery conviction. Appellant claims that his sentence for robbery is illegal because it exceeds the statutory maximum term for that offense. After careful review, we affirm.

The facts of Appellant's case are not necessary to our disposition of his appeal. We only note that on September 13, 2010, Appellant entered an open *nolo contendere* plea to robbery, graded as a second-degree felony, and other related offenses. That same day, the trial court sentenced him to 2½ to 5 years' incarceration, followed by four years' probation, for his robbery conviction. However, on September 17, 2010, the trial court vacated that

sentence and resentenced Appellant to a term of 2 to 4 years' incarceration, with a consecutive term of 5 years' probation. Due to procedural complexities that we need not discuss herein, this Court did not affirm Appellant's judgment of sentence until November 20, 2013. *Commonwealth v. Fuscellaro*, 91 A.3d 1290 (Pa. Super. 2013) (unpublished memorandum). Appellant did not petition for allowance of appeal with our Supreme Court.

On March 13, 2013, while Appellant's direct appeal was pending, the trial court found that he had violated the conditions of his probation. Consequently, the court revoked Appellant's probationary sentence, and resentenced him to a term of 1½ to 4 years' incarceration, followed by 2 years' probation. Appellant did not file a timely direct appeal.

However, on November 22, 2013, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 941-9546, alleging, *inter alia*, that his robbery sentence was illegal. On March 10, 2015, the PCRA court issued an order denying in part, and granting in part, Appellant's PCRA petition. In regard to granting Appellant relief, the court reinstated his post-sentence motion and direct appeal rights from the March 13, 2013 revocation sentence. That same day, Appellant filed a *nunc pro tunc* motion for reconsideration of his March 13, 2013 sentence. The court granted that motion and resentenced Appellant to 11½ to 23 months' incarceration, followed by 4 years' of probation, for his robbery conviction.

Appellant filed a timely notice of appeal with this Court.[1]  He raises one issue for our review:

1. Did the court issue an illegal sentence for robbery when the combined custodial portion of the original sentence (two and one[-]half to five years['] incarceration) and [the] split sentence for violation of probation (11½ to 23 months['] incarceration plus four years['] probation) exceeded the maximum permissible sentence for a [second]-degree felony?

Appellant's Brief at 2.

Essentially, Appellant complains that his current, split-sentence, added to his prior custodial sentence, exceeds the statutory maximum permissible for his robbery conviction.  Appellant acknowledges that,

[w]hen determining whether two split sentences exceed the statutory maximum, a defendant is to be given credit for [the] custodial portion of the original sentence.  If the custodial portion of the original sentence exceeds the statutory maximum when combined with the custodial and probationary portion of the violation of probation sentence, the sentence is illegal. **Commonwealth v. Crump**, 995 A.2d 1280 (Pa. Super. 2010).

Appellant's Brief at 6-7.  In arguing that his sentence is illegal under **Crump**, Appellant states that the maximum, custodial portion of his original sentence was five years' incarceration.  **Id.** at 7.  He then adds that term to his current, split-sentence of 11½ to 23 months' incarceration and four years' probation,

_____

[1] Although Appellant is clearly challenging the legality of the court's March 10, 2015 sentence, he filed this appeal from the PCRA court's order denying in part, and granting in part, his PCRA petition, rather than from the sentencing order issued that same day.  Because this was obviously an oversight by Appellant, we treat this appeal as stemming from his March 10, 2015 judgment of sentence.

contending that "the combined total" exceeds the 10-year statutory maximum term for robbery as a second-degree felony. ***Id.***

Appellant's argument is meritless. He wholly ignores that his original sentence of 2½ to 5 years' incarceration for robbery was vacated just a few days after it was imposed, and he was resentenced to 2 to 4 years' incarceration. ***See*** Reconsideration of Sentence Order, 9/17/10, at 1. Adding that 4-year, maximum term of incarceration to Appellant's current, split-sentence of 11½ to 23 months' incarceration and four years' probation, demonstrates that his total sentence is just under the 10-year, statutory maximum for his robbery conviction. Accordingly, Appellant's sentence is not illegal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/18