J-A02023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRICK WA-KEEN BAILEY | : | |
| | : | |
| Appellant | : | No. 1038 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 20, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014153-2019

BEFORE:  BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED: July 7, 2023**

Appellant, Darrick Wa-Keen Bailey, appeals from the judgment of sentence entered on July 20, 2021, as made final by the denial of his post-sentence motion on August 3, 2021.  We affirm, in part, vacate, in part, and remand this matter to the trial court for resentencing.

The facts and procedural history of this case are as follows.  On November 27, 2019, at approximately 1:30 a.m., Officer Gino Macioce of the Pittsburgh Police Department was dispatched to a residence in the East Hills section of Pittsburgh, Pennsylvania, following a report of "a violent domestic [incident] involving a male and female."  N.T. Trial, 4/7/21, at 18-19.  Upon arrival, Officer Macioce met with the victim who "related to the officers that she was physically assaulted by her intimate partner, [Appellant]."  Trial Court Opinion, 1/18/22, at 2.  In particular, the victim stated that the altercation began after Appellant arrived at her apartment in a "bad mood" and after the

victim confronted Appellant about living with her without paying bills.  *Id*. at 48.  The victim also confronted Appellant about a dinner receipt she found wherein Appellant spent a large amount of money, causing her to believe that he had a romantic dinner with another individual.  ***Id***. at 80.  Thus, the victim started removing Appellant's belongings from the apartment.  ***Id***. at 49.  At that time, Appellant "began to assault [her]."  Trial Court Opinion, 1/18/22, at 2.  Specifically, Appellant

> struck the victim in the head with his fists, bit her and strangled her until she became unconscious.  [Appellant also] threatened [her, stating] that if she called the police[,] he would have people find her.

***Id.***

> Then, Appellant left the victim's apartment.  Shortly thereafter,

> [p]olice officers located [Appellant] not far from the residence. [Appellant] fled from the police [] but was eventually apprehended.  [Appellant also] refused to comply with the police officers' commands but he was eventually taken into custody.  Marijuana and packaging materials were recovered from [Appellant upon his seizure].

***Id***.

The Commonwealth charged Appellant with strangulation; robbery; intimidation of a witness; simple assault; resisting arrest; possession with intent to deliver; two counts of possession of a controlled substance; and possession of drug paraphernalia.  The matter proceeded to a non-jury trial on April 7, 2021, during which the victim, as well as other police officers testified.  During the victim's testimony, the Commonwealth sought to admit

five photographs of the victim depicting her injuries from the November 27, 2019 assault. N.T. Trial, 4/7/21, at 69. Counsel for Appellant objected, claiming that the photographs were not provided to Appellant prior to trial. *Id.* at 70. While the Commonwealth disputed counsel's statement, the trial court accepted defense counsel's assertion that the photographs "somehow escaped production." *Id.* at 72-73. The court, however overruled counsel's objection and the photographs were admitted into evidence. *Id.* at 73 and 77. Ultimately, the trial court found Appellant guilty of strangulation,[1] intimidation of a witness,[2] simple assault,[3] resisting arrest,[4] and possession of drug paraphernalia.[5]

The matter proceeded to sentencing, which occurred on July 20, 2021. That day, the trial court sentenced Appellant to a term of 36 to 72 months' imprisonment followed by five years' probation for Appellant's conviction for strangulation. The trial court also imposed a sentence of six to 12 months' incarceration relating to Appellant's conviction for intimidation of a witness. The trial court ordered Appellant's sentence for intimidation of a witness to run consecutive to his sentence for strangulation. No further penalty was

_____

[1] 18 Pa.C.S.A. § 2718(a)(1).

[2] 18 Pa.C.S.A. § 4952(a)(1).

[3] 18 Pa.C.S.A. § 2701(a)(1).

[4] 18 Pa.C.S.A. § 5104.

[5] 35 P.S. §§ 780–113(a)(32).

imposed as to Appellant's remaining convictions. Appellant filed a post-sentence motion for a new trial on July 28, 2021, which the trial court denied on August 3, 2021. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Whether the trial court abused its discretion by admitting photographic evidence the Commonwealth failed to turn over in mandatory discovery, causing [Appellant] prejudice?

2. Whether [Appellant's] sentence [for] [s]trangulation is illegal because his aggregate sentence of 132 months is in excess of the statutory maximum allowable sentence of 120 months under 18 Pa.C.S.[A.] § 106?

Appellant's Brief at 5.

In his first issue, Appellant claims the trial court erred in admitting photographic evidence depicting the victim's injuries because the Commonwealth failed to produce or disclose the photographs in violation of Pa.R.Crim.P. 573 prior to trial. Appellant's Brief at 13. Appellant asserts that admission of the photographs, despite nondisclosure, prejudiced him because the photographs impermissibly bolstered the victim's testimony which, he claims the trial court characterized as "shaky." *Id.* at 18. We disagree.

"We note that questions involving discovery in criminal cases lie within the discretion of the trial court." *Commonwealth v. Rucci*, 670 A.2d 1129, 1140 (Pa. 1996), *cert. denied*, 520 U.S. 1121 (1997). Pennsylvania Rule 573 of Criminal Procedure provides, in relevant part, as follows:

(B) **Disclosure by the Commonwealth.**

(1) **Mandatory**. In all court cases, on request by the defendant, and subject to any protective order which the

- 4 -

Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

\* \* \*

(g) any tangible objects, including documents, photographs, fingerprints or other tangible evidence[.]

Pa.R.Crim P. 573(B)(1)(g). If a party fails to comply with Rule 573(B), the court may

grant a continuance, or may prohibit such a party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order it deems just under the circumstances.

Pa.R.Crim P. 573(E).

Herein, on February 25, 2020, Appellant asked the Commonwealth to provide him with information and material discoverable under Rule 573B(1)(a-g). Appellant's *Pro Se* Request for Pre-Trial Discovery, 2/25/20, at 1. Yet, the Commonwealth failed to produce the photographs of the victim's injuries to Appellant until trial. N.T. Trial, 4/7/21, at 72-73. Delayed production of materials subject to mandatory disclosure "'does not[, however,] automatically entitle [A]ppellant [to relief].'" ***Commonwealth v. Causey***, 833 A.2d 165, 171 (Pa. Super. 2003) (citation omitted). To obtain relief, Appellant must show prejudice. ***Id***. To establish prejudice, Appellant "must demonstrate how a more timely disclosure would have affected his trial

strategy or how he was otherwise prejudiced by the alleged late disclosure."

*Id.* Appellant claims he was prejudiced by the Commonwealth's failure because the photographs, in essence, bolstered the victim's testimony, which "was 'shaky' according to the trial court." Appellant's Brief at 18.

Initially, we note that, while Appellant argues that the trial court considered the victim to be a "shaky" witness, the record belies this claim. The full exchange from which Appellant highlights the court's statement is as follows:

> **[Defense Counsel]:** [] Your Honor, I would argue that the Commonwealth has not proven their case beyond a reasonable doubt with the exception of possession.
>
> **The court:** You want to attack the credibility of [the victim] and say that her testimony is such that it does [not] rise to the level of proof beyond a reasonable doubt for, among other reasons, she argued with him, she went after him after he left, she was throwing stuff out of the apartment, showing that she had her own aggressive behavior. Fair?
>
> **[Defense Counsel]:** Yes, Your Honor. In addition to that, I would ask you to acknowledge her demeanor and the fact that she showed up for court several hours later, because – she showed up for court several hours late.
>
> ***
>
> I [am] not going to go through everything that you just heard because we have all been sitting here all morning, but I would submit to the court that when you are looking at cases like this, you have to look at the credibility of all the witnesses, and I would say not just [the victim.]
>
> **The court:** All right. [Assistant District Attorney] Stelzer, your witness is a little shaky. That [is] what – [defense counsel] says your witness is shaky to the point where I should not rely on her testimony, which I have to do to find him guilty of the

strangulation, the robbery, the intimidation and the assault. What do you think?

N.T. Trial, 4/7/21, at 122-124 (superfluous capitalization omitted). Thus, it is evident that, in making the statement that the victim was a "shaky witness," the court was simply summarizing Appellant's argument, not judging the victim's credibility.

Moreover, a further review of the record undercuts Appellant's current claim of prejudice because, as admitted by Appellant's counsel during trial, the photographs in question depicted injuries attested to by the victim, as well as Detective Macioce. **See** N.T. Trial, 4/7/21, at 73 (Appellant's counsel agreeing with the court's statement that the photographs "only show what you already heard about, not a different injury"); **see also id.** at 72 (the court asking if the photographs showed "the bruises that the witness already identified" and included the "ones on her hand and arm, the bite mark, that kind of thing?" to which the Commonwealth answered in the affirmative). Indeed, during trial, the victim described the altercation that occurred between her and Appellant, including that he struck her in the head multiple times, "choked her up against [the bathroom] wall," "threw [her] to the ground," and bit her arm. **Id.** at 50, 53, 60-61, at 63. In addition, the victim specifically described her injuries, stating that she "got bit . . . had marks on [her] face, the side of [her] face, [her] back" and "had scratches on [her] neck." **Id.** at 66. The victim also showed a scar from the bite mark during her testimony. **Id.** at 63-64. Importantly, the victim's testimony was

corroborated by Detective Macioce, who explained that he responded to the scene and observed the injuries to the victim's head, face, neck and upper right arm. *Id.* at 20 and 41-42. Hence, in view of the cumulative nature of the photographs, the prejudicial impact of the photographic evidence, if any, was *de minimus*. Accordingly, Appellant's claim of error fails.

In Appellant's second issue, he challenges the legality of his sentence regarding his conviction for strangulation.[6] In particular, Appellant claims that his sentence of 36 to 72 months incarceration, followed by an additional five years of probation, exceeds the statutory maximum for strangulation. Appellant's Brief at 21. We agree.

The relevant standard and scope of review are as follows:

> [T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary. This case will also necessarily call upon us to engage in statutory construction, which similarly presents a pure question of law and also implicates the legality of [the] sentence. Thus, our standard of review is *de novo* and our scope of review is plenary.

---

[6] In general, issues not properly raised and preserved before the trial court "are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "A challenge that implicates the legality of an appellant's sentence, however, is an exception to this issue preservation requirement." **Commonwealth v. Thorne**, 276 A.3d 1192, 1196 (Pa. 2022). "Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may [even] raise and address such an issue *sua sponte*." **Id.; Commonwealth v. Hill**, 238 A.3d 399, 407 (Pa. 2020). Hence, because Appellant challenges the legality of his sentence, his failure to raise the claim by way of post-sentence motion does not preclude our review.

*Commonwealth v. Hunt*, 220 A.3d 582, 585 (Pa. Super. 2019) (internal citations and quotation marks omitted).

It is well-settled that a sentencing court "may imposed a split sentence including both incarceration and probation." *Commonwealth v. Eid*, 249 A.3d 1030, 1036 (Pa. 2021) (citation omitted). "When determining the lawful maximum allowable on a split sentence, [however,] the time originally imposed cannot exceed the statutory maximum." *Commonwealth v. Crump*, 995 A.2d 1280-1283 (Pa. Super. 2010). "Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years probation." *Id.*

Herein, the trial court sentenced Appellant to 36 to 72 months' incarceration, followed by a five-year term of probation, for his strangulation conviction, a felony of the second degree. Hence, the trial court imposed a maximum sentence of 132 months (11 years), which exceeds the statutory maximum. *See* 18 Pa.C.S.A. § 106(b)(3) ("A crime is a felony of the second degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than ten years."). As such, the trial court imposed an illegal sentence under Section 106(b)(3).[7]

---

[7] Both the Commonwealth and the trial court agreed with Appellant's contention that he received an illegal sentence with respect to his conviction for strangulation. *See* Trial Court Opinion, 1/18/22, at 4-5; *see also* Commonwealth's Brief at 17-18.

Based upon the foregoing, we vacate Appellant's judgment of sentence with respect to his strangulation conviction and remand for resentencing. In all other respects, we affirm.

Judgment of sentence affirmed, in part, and vacated, in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2023