J-A05007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARRELL MOORE :
:
Appellant : No. 828 EDA 2023

Appeal from the Judgment of Sentence Entered January 11, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004256-2022

BEFORE:  DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                 **FILED MAY 17, 2024**

Appellant Darrell Moore appeals from the Judgment of Sentence of 3 to 6 years' incarceration followed by 7 years' probation imposed after he entered an open guilty plea to one count of Possession of Firearm by a Prohibited Person ("VUFA").[1]  He challenges the discretionary aspects of his sentence. After careful review, we affirm.

**A.**

We glean the following factual and procedural history from the trial court's Pa.R.A.P. 1925(a) Opinion and the certified record.  On May 22, 2022, Philadelphia Police Officers stopped Appellant near the 5200 block of North Tabor Road and recovered from his waistband a loaded handgun, later

_____

[1] 18 Pa.C.S. § 6105.

determined to be operable. Due to a 2019 burglary conviction, Appellant was prohibited from possessing a firearm in Pennsylvania.

The Commonwealth charged him with the above offense and on October 31, 2022, after the court informed Appellant of the applicable sentencing guidelines ranges, Appellant entered an open guilty plea. The court ordered a pre-sentence investigation ("PSI") report and a mental health evaluation, and scheduled sentencing for January 11, 2023.

Sentencing proceeded as scheduled before the Honorable Rayford Means. The Commonwealth argued that Appellant was a convicted felon who had posted multiple photos on social media of himself holding a firearm and emphasized that, when police picked Appellant up as he left a house that they had under surveillance, Appellant was carrying the firearm. The Commonwealth then noted that, although the standard guidelines provided a sentence of 4 to 8 years' incarceration, it recommended a mitigated range sentence of 3 to 6 years because Appellant had taken responsibility for the crime.[2]

Appellant's counsel argued for a sentence of 11½ to 23 months' incarceration with immediate parole "with some sort of inpatient – FIR with a substance abuse and a mental health coordinated program[.]" N.T. Sent'g,

---

[2] The Commonwealth further noted that Judge Covington had sentenced Appellant for violating his probation to a term of incarceration of 11½ to 23 months "plus two" with immediate parole to house arrest, but following multiple house arrest violations, Judge Covington again released him on probation. Following the vacatur of the house arrest, Appellant "then picked up this arrest." N.T. Sent'g, 1/11/23, at 5-6.

1/11/23, at 5. Counsel observed, "[a]fter reviewing the PSI – and there was a mental health to be done for [Appellant] here[,]" that Appellant had "extensive history with substance abuse, with PTSD" and with "witness[ing] massive amounts of abuse given to his paternal grandmother" with whom he grew up because his parents were "basically out of the picture." *Id.* at 4-5. Appellant's counsel also informed the court that Appellant has his GED and a carpentry certificate "so he does have the ability to get gainful employment if [the court were] to release him." *Id*. at 7. Appellant's counsel also observed that Appellant has two children with whom he "does not currently have a relationship[.]" *Id*. at 5. Appellant's counsel emphasized that Appellant needs a coordinated counseling program addressing his substance abuse and mental health issues. *Id*. at 5.[3]

Appellant provided a brief allocution in which he accepted responsibility for the crime and emphasized that he was not harming anyone. *Id*. at 6.

The court then imposed sentence as follows:

All right. I've taken into consideration arguments of counsel. I've taken into consideration the defendant's allocution.

I sentence him for the protection of the public and rehabilitation and vindication of the Court's authority because he's been put on probation before.

---

[3] In his brief, Appellant notes that the mental health evaluation conducted by Dr. James Jones includes a diagnosis of bipolar disorder in addition to PTSD. Appellant's Br. at 10, citing Appendix D (cited as "Appendix 4"). The evaluation also notes that Appellant is addicted to alcohol. *Id*.

> The sentence will be three to six years, plus seven years consecutive probation.
>
> Ten days to ask me to modify. Thirty days to take an appeal. All motions must be in writing.

*Id.* at 7.

Appellant filed a timely post-sentence motion for reconsideration, again seeking 11½ to 23 months' incarceration with immediate parole. The court held a brief hearing at which Appellant's counsel noted that Appellant (1) had already been incarcerated for a year; (2) is "responsible for" two children; (3) has a job waiting for him if the court would "allow him to be paroled early;" (4) has a history of nonviolence; and (5) cooperated with police officers when they arrested him for this VUFA violation. N.T. Hr'g, 2/16/23, at 4. The court summarily denied the motion.

Appellant timely appealed. Both Appellant and the court complied with Pa.R.A.P. 1925.

**B.**

Appellant raises the following issue for our review: "Did the sentencing court err when it imposed a manifestly excessive and unreasonable sentence?" Appellant's Br. at 4. This issue challenges the discretionary aspects of his sentence.

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion

must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Id.*** (citation omitted).

Appellant preserved the issue in a post-sentence motion, timely appealed, and included a Rule 2119(f) Statement in his brief. We, thus, proceed to consider whether Appellant has raised a substantial question for our review.

We determine on a case-by-case basis whether an appellant has raised a substantial question regarding discretionary sentencing. ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation and quotation marks omitted).

In his Rule 2119(f) Statement, Appellant asserts that the court imposed a "manifestly excessive and unreasonable sentence" by failing to balance the

sentencing factors, *i.e.*, the protection of the public, the gravity of the offense, and Appellant's rehabilitative needs. **See** Appellant's Br. at 7, citing 42 Pa.C.S. § 9721(b). He also asserts that the court relied on evidence outside the record in imposing sentence. **Id**. at 7. We conclude Appellant has raised a substantial question. **See Commonwealth v. Williams**, 69 A.3d 735, 740 (Pa. 2013) (concluding that an assertion that the sentence was manifestly excessive and disproportionate to the appellant's crimes presented "plausible arguments" that the sentence was "contrary to the fundamental norms which underlie the sentencing process."). We, thus, turn to the merits of Appellant's claim that the court failed to consider the sentencing factors prior to imposing its sentence.

### C.

We consider the merits of Appellant's claim mindful that sentencing is vested in the sound discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion. **Commonwealth v. Summers**, 245 A.3d 686, 692-93 (Pa. Super. 2021).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Id.** at 693 (citation omitted).

Thus, in support of a claim that the sentencing court abused its discretion, an appellant "must establish, by reference to the record, that the

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Williams,** 69 A.3d at 741 (citation omitted).

"Sentencing in Pennsylvania is individualized, and requires the trial court to fashion a sentence 'that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[.]'" **Commonwealth v. Baker**, 72 A.3d 652, 663 (Pa. Super. 2013) (quoting 42 Pa.C.S. § 9721(b)). Additionally, when sentencing to total confinement, the court must consider "the history, character, and condition of the defendant[.]" 42 Pa.C.S. § 9725.

Our review is guided by the express standards set forth in the Sentencing Code:

> **(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c), (d).

When a sentencing court has reviewed a presentence investigation report, we "presume" that the court properly considered and weighed all relevant factors, including mitigating factors. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

In *Devers*, our Supreme Court extensively reviewed the sentencing principles underlying the discretion exercised by a sentencing court before emphasizing that sentencers who have obtained a PSI report are under "no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure." *Id.* The Court emphasized that, "[h]aving been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Id.* "This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree

of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion." *Id*. *See also Commonwealth v. Crump*, 995 A.2d 1280, 1282-83 (Pa. Super. 2010) (reiterating in an appeal of a VOP sentence that the "sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." (citations omitted)).

Here, Appellant asserts that the sentencing court improperly weighed the gravity of the offense because his crime involved no victims, he had not shot the firearm, and he has no history of crimes of violence, only burglary of an unoccupied dwelling. Appellant's Br. at 8-9. He acknowledges the seriousness of his crime but minimizes it by asserting that "the circumstances of this case represent stupidity and bravado," and blaming mainstream media for "glamoriz[ing]" firearms which led to Appellant seeking "social recognition on Instragram." *Id*. Further, he argues that the court failed to impose an individualized sentence because the court did not consider his mental health history and his need for treatment. *Id*. at 9-10.[4]

---

[4] Appellant also contends that the court relied on "improper factors, which were also not in evidence." Appellant's Br. at 12. As the sentencing court noted in its Rule 1925(a) Opinion, Appellant did not identify what "improper factor" he was challenging on appeal, leaving the trial court to guess that
*(Footnote Continued Next Page)*

In its Rule 1925(a) Opinion, the sentencing court acknowledged that it "did not speak at length," but noted that it "need not undertake a lengthy discourse for its reasons for imposing a sentence," provided "the record as a whole [ ] reflect[s] the sentencing court's consideration of the facts of the crime and character of the offender."  Tr. Ct. Op., 5/8/23, at 5 (citing **Crump**, 995 A.2d at 1283).  The court also observed that, in fact, "it did provide the reasons" for its sentence at the hearing, *i.e.*, "for the protection of the public and rehabilitation and vindication of the court's authority because he's been put on probation before," and "stat[ed] that it considered all of the arguments

_____

Appellant was referring to the Commonwealth's mention of his social media posts.  **See** Tr. Ct. Op., 5/8/23, at 5.  This alone is reason to find waiver.  Pa.R.A.P. 1925(b)(4)(ii) (requiring an appellant to concisely identify each error to be addressed on appeal), and (vii) (directing waiver where issue not included and/or not raised in accordance with the provisions of Rule 1925(b)(4)).

Moreover, in his brief before this Court, Appellant contends that the "improper factor" was the court's consideration of the vindication of its authority because "he has been put on probation before."  Appellant's Br. at 11-12.  Again, this claim was not raised in his Rule 1925(b) Statement; it is, thus, waived.  **See, e.g., Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011) (finding waiver where issue raised in brief was not concisely identified with sufficient detail to identify the issue for the judge in the Rule 1925(b) Statement).

Even if Appellant had properly preserved the claim, we would conclude it is meritless as a sentencing court is allowed to consider the history and character of Appellant in deciding whether a term of incarceration was appropriate.  42 Pa.C.S. § 9725.  Thus, the court was allowed to acknowledge that probation and house arrest have not worked in the past to deter Appellant from engaging in criminal conduct.

of counsel and Appellant's allocution." Tr. Ct. Op. at 5. The court further explained:

> The sentence was within the sentencing guidelines and did not constitute an unduly harsh punishment based on the severity of the offense. Appellant's prior record score ("PRS") is a 2, and the offense gravity score ("OGS") for VUFA § 6105 is an 11. The guidelines call for a sentence of 48-66 months of confinement, plus or minus 12 months. The sentence of 3 to 6 years (36 months to 72 months) of confinement followed by 7 years of probation therefore falls within the mitigated range recommend by the guidelines.

*Id*. at 3.

The sentencing court notes that "there is nothing in the record to suggest that this [c]ourt did not consider the presentence investigation report and mental health evaluation at the time of sentencing." *Id*. at 4. "While this [c]ourt did not specifically mention the presentence investigation or mental health reports, this is not sufficient to overcome the presumption that the sentencing court has reviewed and considered the reports." *Id*. The court further explained:

> [I]t is clear from the record that this [c]ourt was informed of and considered Appellant's background. This [c]ourt stated that it considered the arguments of counsel when fashioning Appellant's sentence. Those arguments address[ed] each element of Appellant's history that he claims this [c]ourt did not consider: his substance abuse problems, his PTSD diagnosis, and his tumultuous upbringing and family life. Thus, it is clear that this [c]ourt was aware of and considered those factors. Trial counsel also noted that Appellant has a GED and a carpentry certificate. The record also shows that this [c]ourt was aware that Appellant was previously convicted of burglary of an unoccupied structure, and that he was probation for that offense at the time he was found in possession of a loaded firearm. Based on this information,

- 11 -

it is clear that this [c]ourt was aware of all relevant information regarding Appellant's background at the time of sentencing.

*Id.* at 4.

Our review of "the record as a whole" indicates that the sentencing court did not abuse its discretion. No one disputes that the court had the PSI report and mental health evaluation to which Appellant's counsel referred during sentencing. Thus, pursuant to precedential authority, we presume the court reviewed it and, therefore, considered the relevant sentencing factors. Moreover, the record indicates that the court was aware of and considered "the facts of the crime and Appellant's background," including his age, his upbringing, his mental health and substance abuse issues, and his need for treatment, before issuing its sentencing decision. The court did not "appl[y] the guidelines erroneously," and the application of sentencing guidelines—in this case, a mitigated range sentence—was not "clearly unreasonable." 42 Pa.C.S. § 9781(c)(1), (2).

Moreover, the record here does not indicate that the court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision" in imposing a mitigated range sentence. ***Williams***, 69 A.3d at 741. Accordingly, pursuant to 42 Pa.C.S. § 9781(c), we must affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/17/2024</u>