J-S27038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WILLIAM KNIPPSCHILD | : | |
| | : | |
| Appellant | : | No. 2760 EDA 2017 |

Appeal from the PCRA Order July 11, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005530-2011

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                     **FILED AUGUST 09, 2018**

Appellant, Robert William Knippschild, appeals from the July 11, 2017 Order entered in the Court of Common Pleas of Delaware County, dismissing his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On June 12, 2012, Appellant, while represented by Attorney Stephan Picillio, entered a negotiated guilty plea to one count each of Possession of Child Pornography and Criminal Use of a Communication Facility.  On June 20, 2012, the court sentenced Appellant to an aggregate term of 9 to 23 months' incarceration, followed by 7 years of probation.  On July 5, 2012, Appellant, while still represented by counsel, filed a *pro se* Motion to Modify Sentence.  Neither the trial court nor Appellant's privately-retained counsel appears to have taken any action with respect to Appellant's *pro se* Motion, and Appellant did not

subsequently seek appellate review of his Judgment of Sentence. Appellant completed his 23-month term of incarceration and was subsequently released.

In the summer of 2014, Appellant violated the terms of his probation. On November 18, 2014, the trial court held a violation of probation ("VOP") hearing,[1] revoked Appellant's probation, and resentenced him to a term of 6 to 12 months' incarceration, followed by 6 years of probation.[2] Appellant filed a *pro se* Motion to Modify Sentence on December 3, 2014. Again, neither the trial court nor Appellant's privately-retained counsel appears to have taken any action with respect to Appellant's *pro se* Motion, and Appellant did not subsequently seek appellate review of his Judgment of Sentence. Appellant served a portion of this sentence and was paroled on July 22, 2015.

On November 17, 2015, Appellant filed the instant *pro se* PCRA Petition. In his Petition, Appellant claimed that he had received ineffective assistance of counsel, his constitutional rights had been violated, he was the victim of government obstruction, and that his sentence is illegal. The PCRA court appointed counsel.[3]

_____

[1] Attorney John McLaughlin represented Appellant at the hearing.

[2] The court imposed this sentence at Appellant's Criminal Use of a Communication Facility conviction alone. With respect to Appellant's Possession of Child Pornography conviction, the court imposed no further penalty.

[3] On September 12, 2016, Appellant again violated the terms of his probation. On March 19, 2017, the court held a VOP hearing relating to that probation violation, following which the court resentenced Appellant to 12 to 36 months'

On June 1, 2017, PCRA counsel filed a **Turner**/**Finley** no merit letter and sought to withdraw as Appellant's counsel. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 6, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing.[4] That same day, the PCRA court also permitted Appellant's counsel to withdraw. On July 11, 2017, the PCRA court dismissed Appellant's Petition, and this timely appeal followed.

Appellant raises the following eight issues in his *pro se* Brief:

1. Whether the PCRA [c]ourt abused its discretion by dismissing the PCRA [P]etition without a hearing after Appellant raised issues of material fact, which such discretion violates Pa.R.Crim.P. 907 and 908(A)(2) and well-established precedent of the [h]igher [c]ourts?

2. Whether the PCRA [c]ourt ignored its constitutional duty to apply federal law as the "Supreme Law of the Land" as it is required to do under Article VI, Clause 2 of the United States Constitution?

3. Whether PCRA counsel provided ineffective counsel by not perfecting Appellant's PCRA [P]etition?

4. Whether PCRA counsel provided ineffective counsel by misinforming the PCRA [c]ourt that he conducted an interview with VOP counsel when no such interview occurred?

_____

imprisonment, followed by two years of probation. Appellant filed an unrelated appeal from that Judgment of Sentence and this Court affirmed. **See Commonwealth v. Knippschild**, No. 1344 EDA 2017 (Pa. Super. filed Dec. 4, 2017) (unpublished memorandum).

[4] Appellant did not file a Response to the court's Rule 907 Notice or to counsel's **Turner**/**Finley** letter.

5. Whether VOP counsel provided ineffective counsel by not providing [] Appellant with the "Assistance of Counsel for his *Defense* as envisioned by the Sixth Amendment of the United States Constitution? (emphasis in original)

6. Whether VOP counsel provided ineffective counsel by seeking advice on Appellant's sentencing question from opposing counsel and not submitting the question to the adversarial process?

7. Whether VOP counsel provided ineffective counsel by not presenting the sentencing question before the VOP court in its capacity as the neutral arbit[e]r of all sentencing issues?

8. Whether Appellant's initial sentence was illegal and the succeeding resentence by the VOP court was illegal and Appellant is due credit for time served of twenty-three (23) months?

Appellant's Brief at 3.

As a prefatory matter, we observe that the argument section of Appellant's Brief to this Court includes argument only with respect to the eighth issue contained in Appellant's Statement of Questions Involved. Accordingly, we conclude that Appellant has waived his first seven issues. **See** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]"). **See also Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007) ("The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119.").

In his remaining issue, Appellant challenges the legality of both his underlying and VOP sentences. Appellant posits that his sentences were illegal because the court compelled him to "serve imprisonment during his probation" and because "the probation served while incarcerated was due credit for time

- 4 -

served." Appellant's Brief at 14. He also claims baldly that the Commonwealth induced him into an illegal sentence based on an "inapplicable promise of a concurrent period of probation." *Id.* at 15.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). While a challenge to the legality of a sentence may be raised as a matter of right and is generally non-waivable, a court may only entertain a challenge to the legality of the sentence if the court has jurisdiction to hear the claim. *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005). Thus, before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition as no court has jurisdiction to hear an untimely PCRA Petition. *Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008).

A PCRA Petition must be filed within one year of the date the underlying judgment of sentence becomes final; a judgment of sentence is deemed final at the conclusion of direct review or at the expiration of the time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3). However, the PCRA provides exceptions to the timeliness requirement in certain circumstances. *See id.* at § 9545(b)(1)(i)-(iii). For a petitioner to avail himself of one of the exceptions, he must file his Petition within 60 days of the date he could have presented his claim. *See id.* at § 9545(b)(2).

Here, the court initially sentenced Appellant on June 20, 2012. This court's review of the docket indicates that on July 5, 2012, while represented by counsel, Appellant filed a *pro se* Motion to Modify Sentence. It is a well-settled principle that a criminal defendant is not entitled to hybrid representation and trial courts are not required to consider the *pro se* filings of counseled defendants. ***Commonwealth v. Blakeney***, 108 A.3d 739, 763 n.21 (Pa. 2014); ***see also*** Pa.R.Crim.P. 576(A)(4). Thus, Appellant's *pro se* filing was a legal nullity, and his Judgment of Sentence became final on July 20, 2012. ***See*** Pa.R.A.P. 903.

In order for Appellant's PCRA Petition challenging the legality of his underlying sentence and the validity of his underlying plea agreement to be timely, it must have been filed within one year of July 20, 2012. Appellant filed the instant Petition on November 17, 2015, more than three years after his Judgment of Sentence became final. Therefore, it is facially untimely.

Appellant has not attempted to plead or prove any exceptions to the PCRA's time bar. Accordingly, neither the PCRA court nor this Court have jurisdiction to consider Appellant's challenges to the legality of his underlying sentence or the validity of his underlying plea agreement.

Appellant also challenges the legality of his November 18, 2014 VOP sentence.[5] Although it is difficult glean the precise nature of Appellant's claim, it appears that Appellant is claiming that his VOP sentence is illegal because the probation portion of his underlying sentence was illegal.[6] Appellant's Brief at 8-9. He also avers that he is entitled to credit on his VOP sentence for the 23 months he served in prison on his original sentence. *Id.* at 8, 10. Last, and without further explanation, Appellant also claims that he "was imprisoned from the start of his probation" resulting in a sentence "above and beyond that to which the sentencing order directs." *Id.* at 14.

Our review of a challenge to the legality of a sentence is well-established:

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Commonwealth v. Melvin*, 103 A.3d 1, 52 (Pa. Super. 2014).

With respect to resentencing subsequent to revocation of probation, our statutory and case law are clear.

> Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration to the time spent serving the

---

[5] Appellant's VOP Judgment of Sentence became final on December 18, 2014. Thus, Appellant's challenge to the legality of his VOP sentence raised in the instant PCRA Petition, filed on November 17, 2015, is timely.

[6] As discussed *supra*, this Court lacks jurisdiction to consider the legality of Appellant's underlying sentence.

- 7 -

order of probation. As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal. Additionally, the sentencing court cannot give a new split sentence where the period of incarceration and period of probation exceed the statutory maximum.

*Commonwealth v. Crump*, 995 A.2d 1280, 1285 (Pa. Super. 2010). Where the court sentenced a defendant to a split sentence, upon resentencing after revocation, a defendant is not entitled to credit for time spent serving probation. *Id.* at 1284.

The court initially sentenced Appellant to a term of 9 months' to 23 months' incarceration in exchange for his plea of guilty to one count of Possession of Child Pornography, and a consecutive term of 7 years' probation in exchange for his plea of guilty to one count of Criminal Use of a Communication Facility charges. As third-degree felonies, the statutory maximum sentence of incarceration for each of those offenses is 7 years. *See* 18 Pa.C.S. § 1103(3).

The docket reflects that, following the revocation of Appellant's probation, the VOP court sentenced him only at his Criminal Use of a Communication Facility charge to a term of incarceration of 6 to 12 months, followed by a term of 6 years' probation. Because Appellant is not entitled to credit for the time he spent serving his sentence of probation on that offense, *see Crump*, *supra*, Appellant's VOP sentence of 6 to 12 months' incarceration, followed by a 6 year sentence of probation does not exceed the 7 year statutory maximum sentence. Thus, Appellant's claim that his VOP sentence is illegal is meritless.

Furthermore, contrary to Appellant's assertion, because the VOP court imposed Appellant's VOP sentence only on his Criminal Use of a Communication Facility offense, he is not due 23 months' credit on that sentence for the time he served in prison on his underlying Child Pornography charge.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/18