J-S05016-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAVANCE KIRKSEY | : | |
| | : | |
| Appellant | : | No. 899 WDA 2018 |

Appeal from the Judgment of Sentence February 27, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000998-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: FILED FEBRUARY 27, 2019

Appellant Lavance Kirksey appeals from the judgment of sentence imposed after he pled nolo contendere to third-degree murder.[1] Appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court set forth the underlying facts of this case as follows:

On February 14, 2016, Appellant conspired with another person in the shooting death of Jemar Phillips [(the victim)]. The homicide occurred at approximately 1:00 a.m. in [the] parking lot at 18th and Raspberry Streets across the street from Angie's Last Stop bar in Erie, Pennsylvania. [The victim] had just arrived in the parking lot with his two passengers, Antonio Barnes and Rejeana Durr. After [the victim] and Barnes exited the vehicle, they were approached by Appellant and one other black male, Torriano Beard [(co-defendant Beard)], both of whom had guns. The males with guns shot at [the victim] and Barnes. [The victim] died at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

the scene from multiple gunshot wounds to the chest and torso. Appellant fled the scene shortly before the police arrived. Bullets were recovered from the body of [the victim] at his autopsy.

Approximately six months later, the City of Erie police responded to a shots fired call. Appellant was arrested and a revolver was recovered on his person. The gun was sent to the Pennsylvania State Police Crime Lab for comparison with the bullets recovered from [the victim's] body at the autopsy. The crime lab determined five of the bullets recovered from [the victim] were discharged from the firearm found in Appellant's possession.

Trial Ct. Op., 8/16/18, at 1-2 (footnote omitted).

On January 4, 2017, Appellant was charged with homicide, conspiracy to commit homicide, aggravated assault, recklessly endangering another person, possession of instruments of crime, and firearms not to be carried without a license (VUFA).[2] On January 19, 2018, Appellant pled nolo contendere to murder of the third degree. The remaining charges were withdrawn. Sentencing was deferred for preparation of a pre-sentence investigation (PSI) report. On February 27, 2018, the trial court sentenced Appellant to eighteen to thirty-six years' incarceration[3] consecutive to other

_____

[2] See 18 Pa.C.S. §§ 2501(a), 903, 2702(a)(1), 2705, 907(a), and 6106(a)(2), respectively.

[3] Appellant had a prior record score of zero at the time of sentencing. Third-degree murder has an offense gravity score (OGS) of fourteen. The minimum standard guideline range is seventy-two months to the statutory limit (forty years), plus or minus twelve months for mitigating or aggravating factors. Therefore, Appellant's sentence was within the standard guideline range. See 42 Pa.C.S. § 303.16(a).

sentences Appellant was serving.[4]  Appellant did not file a post-sentence motion.

On March 23, 2018, Appellant filed a counseled motion seeking reinstatement of his post-sentence rights nunc pro tunc, which the trial court granted.  That same date, Appellant filed a motion for reconsideration of his sentence.  The trial court denied Appellant's motion on March 27, 2018.

Appellant's timely pro se notice of appeal was docketed on April 19, 2018.[5]  The trial court appointed present counsel on June 15, 2018.  That same date, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement within forty-five days.  Appellant filed a Rule 1925(b) statement on July 31,

_____

[4] On March 21, 2017, Appellant pled guilty to VUFA at docket CR-3186-2016. He was sentenced to three to twenty-three and a half months' incarceration with thirty days credit, followed by thirty-six months' probation.  See N.T., 2/27/18, at 17.

[5] Appellant was represented by private counsel when the trial court docketed his pro se notice of appeal.  However, the court noted that despite numerous pro se filings by Appellant, private counsel took no action to preserve Appellant's direct appeal rights.  See Trial Ct. Memo. Op. and Order, 6/15/18, at 1.  Therefore, "in the interests of justice and judicial economy," the trial court accepted the pro se filing and appointed new counsel to represent Appellant on direct appeal.  Id.  Although a pro se filing by a represented defendant ordinarily constitutes a legal nullity, under these circumstances, the trial court properly treated the pro se filing as a timely notice of appeal.  See Commonwealth v. Leatherby, 116 A.3d 73, 79 (Pa. Super. 2015) (stating that where an appellant "was effectively abandoned by counsel and the trial court failed to timely appoint new counsel, [an appellant's] pro se filing does not offend considerations of hybrid representation").

2018, one day late.[6]  The trial court filed a responsive Rule 1925(a) opinion, in which it addressed the merits of Appellant's sentencing claim and suggested that Appellant was not entitled to relief.

Appellant raises one issue for our review: "Whether the [A]ppellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the sentencing code[.]"  Appellant's Brief at 3.

Appellant argues that the trial court's sentence of eighteen to thirty-six years' incarceration is "manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Pennsylvania Sentencing Code."  Id. at 6.  He asserts that the objectives of 42 Pa.C.S. § 9721(b) "could have been achieved without the imposition of such a lengthy sentence."  Id.  Appellant also contends that the trial court failed to consider mitigating factors in fashioning his sentence.  Id.  Specifically, Appellant notes that (1) he had no criminal history and a prior record score of zero; (2) he ultimately accepted responsibility by pleading no contest and did not dispute the facts presented at the sentencing hearing; and (3) he had other mitigating circumstances, such as his age, rehabilitative potential, and the fact that he has six minor children.  Id. at 6-7.

_____

[6] Although Appellant's Rule 1925(b) was untimely filed, the trial court addressed the merits of Appellant's claim in its Rule 1925(a) opinion. Therefore, we decline to find waiver, and there is no need to remand this matter.  See Commonwealth v. Burton, 973 A.2d 428, 433 (Pa. Super. 2009) (en banc) (stating that where a Rule 1925(b) statement is untimely filed, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal.").

Appellant's sole claim is a challenge to the discretionary aspects of his sentence. It is well settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." Commonwealth v. Derry, 150 A.3d 987, 991 (Pa. Super. 2016). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

Commonwealth v. Corley, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

Instantly, Appellant preserved his issue in a post-sentence motion and timely appealed from the denial of his post-sentence motion. Appellant also included in his brief a Pa.R.A.P. 2119(f) statement. Further, Appellant has raised a substantial question for our review. See Commonwealth v. Zeigler, 112 A.3d 656, 662 (Pa. Super. 2015) (stating that "an excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial question" (citation omitted)).

Our standard of review in this context is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

- 5 -

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Raven, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." Commonwealth v. Crump, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted). Further, when "the trial court has the benefit of a [PSI] report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." Commonwealth v. Seagraves, 103 A.3d 839, 842 (Pa. Super. 2014).

Where a sentence is imposed within the guidelines, we may only reverse the trial court if we find that the circumstances of the case rendered the application of the guidelines "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). Our review of the reasonableness is based upon the factors contained in 42 Pa.C.S. § 9781(d), and the trial court's consideration of the general sentencing standards contained in 42 Pa.C.S. § 9721(b).[7] See Commonwealth v.

_____

[7] Section 9721(b) states that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of

Baker, 72 A.3d 652, 663 (Pa. Super. 2013). However, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." Commonwealth v. Macias, 968 A.2d 773, 778 (Pa. Super. 2009).

Here, at sentencing, the trial court explained:

Okay. Well, in fashioning this sentence I'm taking into account the statements of both counsel, further noting [Appellant] refused to give a statement this morning which he certainly does not have to do. I'm also taking into account the statement of Stacy Pulliam, sister of [the victim], and Terri Pacley, also the sister of [the victim].

I'm also taking into account several letters that were received by the [c]ourt including from Juanita Baez, who is the girlfriend of [Appellant], and also a letter from I believe it was [Appellant] although it was not signed. Apparently[,] it is from [Appellant], it came from the prison, and his name is on the envelope.

I'm also taking into account the victim impact statements and the restitution claim forms. Terricia Beard sent a victim impact statement, and she was the fiancée of [the victim].

I'm also taking into account the pre-sentence investigation report, which includes an eligibility work sheet for RRRI sentencing and the sentencing guidelines as promulgated by the Pennsylvania Commission on Sentencing, as well as information concerning the seriousness of the instant charge that we're here for this morning. It also includes [Appellant's] record which consists of firearms not [to] be carried without a license.

_____

the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Section 9781(d) provides that, in reviewing the record, we must have regard for: (1) The nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) The findings upon which the sentence was based[; and] (4) The guidelines promulgated by the commission. 42 Pa.C.S. § 9781(d).

\* \* \*

I'm also noting that [Appellant] has a history of alcohol abuse, and he also has been engaged in drug abuse. I sat through the trial of [co-defendant] Beard and the first-degree conviction, and for anybody in the gallery there is a huge difference between first and third-degree murder.

\* \* \*

Sir, there's no doubt this was an ambush and a cold-blooded killing by you, this was a completely senseless crime. Irregardless of the fact that you are pleading, you have pled, I mean, no contest here, I'm finding you guilty under a no contest plea. All right?

You know, the arguments put forth to me, I mean, I have to agree with Stacy and particularly, Terri about your place in society. You have six children, six young children, and trust me you score no points with me when you come in here at your age and tell me that you have six children, age six, age two, age two, age two, age one, and age eight months. Oh, you are the big ladies man out there, aren't you? Big ladies man engaged in the dark side of our society carrying firearms and now convicted of murder. You know, all these children that you have, no doubt - - I doubt if you paid a nickel in support, I don't have that information, and I won't use that fact one way or another against you, but no doubt they are living in poverty, and they'll have a father spending his days in prison for a long time. And it's a shame that whatever the dispute was between you and your buddy [co-defendant Beard] and [the victim] couldn't have been resolved in some mature adult fashion rather than ambushing an unsuspecting victim who simply was out on [the] night [of] Valentine['s] Day 2016.

N.T. Sentencing, 2/27/18, at 15-19.

In its Rule 1925(a) opinion, the trial court incorporated the above-recited portion of the sentencing hearing where it explained the reasons for the sentence it imposed. See Trial Ct. Op., 8/16/18, at 5-6. The court further explained:

- 8 -

> In the case at bar, the sentence was not manifestly excessive. The [PSI] Report, including the sentencing guidelines, was reviewed. Consideration was given to Appellant's age, prior adult criminal activity and the impact of the crime on the victim and the community. This court imposed a sentence only after taking into consideration all the relevant factors and weighed the public's need for protection, the gravity of Appellant's offense and the Appellant's rehabilitative needs.

Id. at 5.

Based on our review of the record, we find no support for Appellant's assertion that the trial court failed to consider Appellant's mitigating factors or that it imposed an excessive sentence. The court considered the PSI report, Appellant's background, the Sentencing Guidelines, and letters from both Appellant and Appellant's girlfriend. See Seagraves, 103 A.3d at 842 (stating that where "the trial court has the benefit of a [PSI] report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors"). The court also acknowledged that Appellant had a history of drug and alcohol abuse and that he had six minor children. Further, the court considered the facts and circumstances of the case, testimony from the victim's sisters, and a victim impact statement from the victim's fiancée. Ultimately, the court weighed each of those factors and found that a sentence of 18 to 36 years' incarceration was appropriate. See id. Therefore, we discern no abuse of discretion in the trial court's sentence. See Baker, 72 A.3d at 664 (stating that, in light of our standard of review, where the record demonstrates that the trial court considered the appropriate sentencing

factors, "we have no basis to find that the sentence imposed is clearly unreasonable.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2019